STATE of Iowa, Appellee,

v.

Zala Marie Majorie Elizabeth STORRS, Appellant.

No. 83–616.

Supreme Court of Iowa.

July 18, 1984.

Charles L. Harrington, Appellate Defender, and LuAnn White, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Rebecca L. Claypool, Asst. Atty. Gen., John A. Morrissey, County Atty., and Barry D. Farmer, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, LARSON and CARTER, JJ.

McCORMICK, Justice.

Defendant Zala Marie Marjorie Elizabeth Storrs appeals her conviction by jury and sentence for second degree theft in violation of Iowa Code sections 714.1(6) and 714.2(2) (1981). She raises several evidentiary issues and also challenges the trial court's restitution order. We affirm the trial court.

The charge arose from an incident on July 13, 1982, when Gail Bennett gave a $540.46 check signed by defendant to a meat company employee in payment for meat delivered to a restaurant operated by defendant. The check was dishonored by the bank because defendant had no funds in her account. The dispute at trial concerned Bennett's authority to purchase the meat for defendant and defendant's knowledge that her checking account was overdrawn. Bennett, who operated an adjacent tavern, testified that defendant gave her signed blank checks and authorized her to use them to pay restaurant bills in defendant's absence. Defendant, who was negotiating the purchase of the restaurant and tavern, testified that she had not authorized the meat purchase, that Bennett was to order restaurant supplies and make deposits sufficient to cover any checks issued, and that she did not know her account was overdrawn.

In this appeal defendant contends the trial court erred in overruling her objections to evidence concerning prior overdrafts, in failing to declare a mistrial based on prejudicial evidence, in failing to direct a verdict based on insufficiency of the evidence, in finding sufficient evidence for instructing the jury on the agency issue, and in ordering her to make full restitution for court costs and attorney fees.

**I.** *Evidence of prior overdrafts.* The State introduced evidence showing the initial deposit made by defendant to open her account on June 4, 1982, and a series of overdrafts starting before the end of June. Defendant objected to admissibility of the checks on relevancy and prejudice grounds, but the court overruled the objections as to the first several overdraft checks.

We find no abuse of discretion in the court's rulings. The evidence was admissible to show knowledge, intent and absence of mistake. *See State v. McCutchan,* 219 Iowa 1029, 1046–48, 259 N.W. 23, 31–32 (1935). The court had discretion to admit the evidence under the relevancy standard explained in *State v. Chadwick,* 328 N.W.2d 913, 917 (Iowa 1983), and *State v. Webb,* 309 N.W.2d 404, 412 (Iowa 1981), and the standard was not breached. The standard is now incorporated in Iowa Rules of Evidence 401 and 403.

II. *Mistrial.* While testifying to defendant's connection with the bad check, Bennett made several remarks suggesting that defendant had a drinking problem. These remarks came in without defense objection, and the judge subsequently told the lawyers he thought the evidence was prejudicial. Defense counsel then made a motion to strike Bennett's testimony about defendant's drinking and conduct, and the court sustained the motion. The court admonished the jury at the conclusion of Bennett's testimony not to consider the testimony. Defendant did not move for mistrial.

Defendant now asserts the trial court erred in not declaring a mistrial on its own motion. Ordinarily a trial court cannot be put in error for failing to grant a mistrial when no timely request for mistrial was made. *See State v. Hutchison*, 341 N.W.2d 33, 38–40 (Iowa 1983). Defendant in this case waived any right to a mistrial by not asking for one. We do not suggest she would have been entitled to a mistrial if a timely motion had been made.

III. *Sufficiency of the evidence.* We have reviewed the record to determine the sufficiency of the evidence under the standard in *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980). The State's case depended on the credibility of witness Bennett, while the defense relied on defendant's credibility. The jury had ample reason to credit Bennett's testimony over defendant's. The State showed defendant's checking account was overdrawn and defendant should have known of that fact before defendant even met Bennett and authorized her to purchase restaurant supplies with checks drawn on the account. The evidence was sufficient to withstand defendant's motions for directed verdict and is sufficient to support the verdict.

IV. *The instruction on agency.* The State relied on a theory that Bennett acted as defendant's agent in using the check signed by defendant to pay for the meat. Substantial evidence existed in the testimony of both Bennett and defendant that Bennett acted as defendant's agent in some transactions. The record also contains substantial evidence that this authority extended to the transaction on which the prosecution was based. The court did not err in finding sufficient basis in the record to instruct the jury on the issue.

V. *Restitution.* In sentencing defendant the trial court ordered her to make restitution to the victim of $540.46 and ordered full restitution to the county for court costs of $987.63 and court-appointed attorney fees of $4329. Defendant contends the court abused its discretion in ordering full restitution for court costs and attorney fees because she was not reasonably able to pay those amounts.

We separately reviewed the restitution provisions of Code chapter 910 in *State v. Harrison*, 351 N.W.2d 526 (Iowa 1984). In doing so we held that a sentencing court must not order restitution for court costs and attorney fees in amounts greater than the defendant is reasonably able to pay.

We hold that a defendant who seeks to upset an order for restitution of court costs and attorney fees has the burden to demonstrate a failure of the trial court to exercise discretion or abuse of discretion. That burden has not been met here.

Although defendant was unemployed and had no income, she reported owning a lake lot and had training and experience as a beautician. She had worked as a real estate broker. Under this record the trial court was not compelled to determine defendant should be required to make less than full restitution for court costs and attorney fees.

Chapter 910 provides a remedy if defendant believes the order should be modified. She has the right under section 910.7 to petition the court for modification. In addition, the director of adult corrections has authority to set or modify defendant's restitution plan of payment to reflect her current circumstances. § 910.5(1).

Under the present record we find no error in the restitution order.

AFFIRMED.