**STATE of Iowa, Appellee,**

v.

**Jeffrey M. BLANK, Appellant.**

No. 96–1848.

Supreme Court of Iowa.

Nov. 26, 1997.

Martha M. McMinn, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Thomas S. Mullin, County Attorney, and Mark Campbell, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

This appeal by defendant, Jeffrey M. Blank, contests the court's refusal to grant him a hearing to challenge a restitution order filed months after judgment and sentence were pronounced on his conviction for second-degree theft. Because we find no abuse of the court's exercise of discretion under Iowa Code section 910.7 (1995), we affirm.

Blank was found guilty of second-degree theft and of being an habitual offender, and was sentenced to an indeterminate term not to exceed fifteen years. He was also ordered to make restitution for court costs and attorney fees, but the sentencing order did not specify the amounts to be paid.

The defendant's court-appointed counsel subsequently filed an itemization of fees, and the court filed a supplemental restitution order directing the defendant to pay $843.09 in court costs and $1822.50 in attorney fees. *See* Iowa Code § 910.3 (1995) (authorizing district court to file supplemental restitution order). A restitution plan implementing the order was filed by the Iowa Department of Corrections.

Approximately seven months after the court had filed the supplemental order, the defendant filed a pro se request for a hearing and for the appointment of counsel in order to challenge the restitution order. In his request he claimed he never had a chance to object to the restitution or to have a hearing regarding his ability to pay. The defendant alleged he was unable to pay the restitution and the attorney fees were excessive given the amount of work performed by his attorney.

The district court filed an order finding nothing unreasonable in the amounts assessed and denying the defendant's request for a hearing. The defendant's *motion to reconsider* was denied, and he has appealed. He contends the district court erred in denying him a hearing under Iowa Code section 910.7.

The interpretation of a statute is a legal question. Our review is at law. *See State v. Blakley*, 534 N.W.2d 645, 647 (Iowa 1995).

I. Before proceeding to the merits of Blank's appeal, we address a matter implicated by a decision postdating these proceedings, *State v. Alspach*, 554 N.W.2d 882 (Iowa 1996). In *Alspach* this court held that a defendant has the right to court-appointed counsel when challenging restitution as part of the original sentencing order, or supplemental order, issued under Iowa Code section 910.3. The controversy arose because, as was the case here, the court's supplemental judgment for restitution came months after the original sentencing proceeding in which defendant had the benefit of counsel. We reasoned that the right to counsel guar-

anteed at all critical stages of the criminal proceeding should not rest on the "mere fortuity of whether restitution figures were available at sentencing." *Alspach,* 554 N.W.2d at 884. Our decision was strictly limited, however, to challenges aimed at the *original* sentence, and supplements thereto; later *modifications* to the restitution plan, sought by offenders or corrections officials, are governed by the civil remedies afforded under section 910.7. *Id.; cf. Hrbek v. State,* 554 N.W.2d 895, 896 (Iowa 1996) (civil action to enjoin collection of restitution dismissed where amount in controversy below $5000 jurisdictional limit).

The State, relying not on *Alspach* but on *State v. Janz,* 358 N.W.2d 547 (Iowa 1984), argues that Blank could have appealed his supplemental restitution order directly—but failed to do so—and must now content himself with the more limited remedies afforded by section 910.7. *See Janz,* 358 N.W.2d at 549 ("[I]f a defendant's time for appeal from the original judgment of conviction and sentence has expired, the defendant must initially obtain a ruling from the district court [under section 910.7]."); *accord Earnest v. State,* 508 N.W.2d 630, 633 (Iowa 1993). Implicit in this assertion is the claim that the right to hearing and counsel which attaches to criminal proceedings has no application here because Blank did not raise the issue until seven months after the supplemental judgment was entered. Although the time frames in *Alspach* were nearly identical, *see Alspach,* 554 N.W.2d at 883, this precise argument was neither raised nor addressed there.

■ When timeliness is factored into the analysis, it becomes clear—and we now hold—that the criminal due process requirements outlined in *Alspach* can be claimed only if protected by a timely challenge. Fairness dictates that a defendant who delays challenging a restitution order should not be treated the same as one who files a timely appeal. Courts are permitted under section 910.3 to delay entry of judgment for

restitution when, for good cause, restitutionary sums are not ascertainable at the time of sentencing. *State v. Blakley,* 555 N.W.2d 221, 222 (Iowa 1996). A defendant, however, is granted no such statutory reprieve.

*Janz* instructs that a defendant challenging a restitution order entered as part of the original sentence has two options: to file a petition in district court under section 910.7, or to file a direct appeal. *Janz,* 358 N.W.2d at 549. Considerations of judicial economy may favor giving the sentencing court the opportunity to consider the challenge in the first instance. *Id.* To be considered an extension of the criminal proceedings, however, the defendant's petition under section 910.7 must be filed within thirty days from the entry of the challenged order. Failing that, or a timely appeal, a *later* action under section 910.7 would still provide an avenue for relief. *Earnest,* 508 N.W.2d at 633; *Janz,* 358 N.W.2d at 549. But the action would be civil, not criminal, in nature. *Alspach,* 554 N.W.2d at 884.

■ **II.** Section 910.7 provides in relevant part:

> At any time during the period of ... incarceration, the offender ... may petition the court on any matter related to the plan of restitution or restitution plan of payment and the court shall grant a hearing *if on the face of the petition it appears that a hearing is warranted.*

(Emphasis added.) The question is whether a hearing was warranted on the face of Blank's petition.

As originally enacted, section 910.7 required that a district court grant a hearing whenever a defendant sought to challenge a restitution order. Iowa Code § 910.7 (1983).[1] In 1986, section 910.7 was amended to add the present language granting the district court the discretion to determine whether or not a hearing should be held. 1986 Iowa Acts ch. 1075, § 6. The legislative history indicates the 1986 amendment was intended to limit a defendant's remedies in restitution

---

1. As originally enacted, § 910.7 provided in relevant part:

   At any time during the period of ... incarceration, the offender ... may petition the court

and the court shall grant a hearing on any matter related to the plan of restitution or restitution plan of payment.
Iowa Code § 910.7 (1983) (emphasis added).

matters and to allow the courts discretion in granting restitution hearings. *See* S.F. 2143, 71st G.A., 1st Sess. (Iowa 1986).

The defendant's request for a hearing alleged the attorney fees were excessive. The district court concluded the number of hours expended by defense counsel was not excessive given the matters involved. We have previously held the district court is an expert on the issue of reasonable attorney fees. *State v. See,* 387 N.W.2d 583, 586 (Iowa 1986); *Parrish v. Denato,* 262 N.W.2d 281, 285 (Iowa 1978). Given the court's guidelines for the cost of court-appointed counsel, and the attorney's itemization, we find it was well within the district court's discretion to conclude the fees in this case were not excessive and that "on the face of the petition" it did not appear a hearing was warranted.

■ The defendant's request for a hearing also included the assertion that he was unable to pay the restitution. To the extent a defendant is "reasonably able" to do so, he is to pay restitution for court costs and attorney fees. Iowa Code § 910.2. A court's assessment of a defendant's reasonable ability to pay is a constitutional prerequisite for a criminal restitution order. *See State v. Van Hoff,* 415 N.W.2d 647, 648 (Iowa 1987); *State v. Haines,* 360 N.W.2d 791, 797 (Iowa 1985). The focus is not on whether a defendant has the ability to pay the entire amount of restitution due but on his ability to pay the current installments. *Van Hoff,* 415 N.W.2d at 649.

■ A defendant bears the burden of proof when challenging a restitution order. *See State v. Storrs,* 351 N.W.2d 520, 522 (Iowa 1984). "[A] defendant who seeks to upset an order for restitution of court costs and attorney fees has the burden to demonstrate a failure of the trial court to exercise discretion or abuse of discretion." *Id.*

Under Iowa Code section 910.7 a defendant is not automatically entitled to a hearing, and the legislature has determined the district court should serve as a gatekeeper with the discretion to grant a hearing only when it appears warranted from the "face of the petition." A defendant must plead sufficient facts (such as a claim of inadequate income or a change in income, expenses, or other circumstances) so that it appears from the face of the petition that a request for a section 910.7 hearing is not frivolous. Here the defendant's mere allegation of an inability to pay, without any elaboration, was insufficient to mandate a section 910.7 hearing.

**AFFIRMED.**