# IN THE COURT OF APPEALS OF IOWA

No. 13-0318
Filed January 14, 2015

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**JIMMY LEE ALLEN,**
       Defendant-Appellant.

_____

       Appeal from the Iowa District Court for Polk County, Christopher L. McDonald, Judge.


       Jimmy Allen appeals the denial of his request for a restitution hearing. **AFFIRMED.**


       Jimmy Lee Allen, Anamosa, appellant pro se.

       Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, and John P. Sarcone, County Attorney, for appellee.


       Considered by Danilson, C.J., and Vogel and Bower, JJ. McDonald, J., takes no part.

**BOWER, J.**

Jimmy Lee Allen appeals claiming the district court erred in denying him a restitution hearing. He also claims the requirement in Iowa Code chapter 910 requiring him to pay court-appointed attorney fees violates the United States and Iowa Constitutions. We find the district court did not err in denying Allen a restitution hearing. We also find the provision in chapter 910 requiring the repayment of court-appointed attorney fees is not an ex post facto law because it is not punitive in nature. We affirm the district court's ruling.

## I. BACKGROUND FACTS AND PROCEEDINGS

Allen was convicted of first-degree murder on September 22, 1982. He was sentenced to a life in prison and ordered to pay Polk County for the court-appointed attorney fees incurred. The court also taxed the costs of the prosecution to Allen.

Iowa Code chapter 910 (1983) requires an offender in "criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered" and "to the extent the offender is reasonably able to pay," to pay "court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender." Iowa Code § 910.2(1). This language became effective on July 1, 1982—after Allen committed the murder, but before he was convicted and sentenced. *See* 1982 Iowa Acts ch. 1162, § 14.

In 1989 the Iowa Supreme Court issued an unpublished decision concerning the ex post facto implications of the repayment of court-appointed attorney fees, *State v. Kline Edward Goeders*, 1989 Iowa Sup. Ct. Unpublished

Ops. 399, No. 87-1498 (Iowa Jan. 25, 1989) (per curium) (opinion available at the State of Iowa Law Library).[1]  Pursuant to this ruling, the Fifth Judicial District Court entered an order amending certain sentencing orders and judgments providing for victim restitution and the payment of court-appointed attorney's fees.  In this order, the then-chief of the Fifth Judicial District ordered:

> [A]ll sentencing orders and judgments providing for restitution of court-appointed attorney's fees and victim restitution in criminal cases where the crimes were committed prior to July 1, 1982 are hereby amended by deleting and rescinding from such orders and judgments all provisions requiring restitution of court-appointed attorney's fees and victim restitution.  Provisions of such orders and judgments accessing or ordering payment of court costs are unaffected by this Order.
> This Order specifically applies to Polk County criminal cases and defendants in those cases as is hereafter identified.  The inmate number and present place of confinement are set forth for the purposes of facilitating the implementation of this Order.

The order included Allen.  Allen paid $920.46 in court costs after the department of corrections (DOC), in 1989, sent him a "court costs plan" informing him he owed that amount.

In 2005, the DOC provided Allen with a restitution plan imposing $1430.44 as restitution.  According to the plan, Allen owed $216.04 in costs and $1214.40

---

[1] In November 1986, Goeders was convicted of first-degree murder for a 1977 murder. *Goeders*, 1989 Iowa Sup. Ct. Unpublished Ops. at 400.  In December, he was sentenced to life imprisonment pursuant to the 1985 Iowa Code, rather than the code in force at the time of the murder. *Id.*  Goeders was ordered to pay restitution including court-appointed attorney fees and court costs pursuant to Iowa Code section 910.3 (1985). *Id.*  Goeders requested an order enjoining the collection of his institutional wages. *Id.*  The district court granted his request and concluded the order constituted an ex post facto application of the law. *Id.*  The law in force at the time of Goeder's crime did not include the mandatory repayment of court-appointed attorney fees. *Id.* at 401.  In an unpublished decision, the Iowa Supreme Court affirmed the district court and reasoned the collection of appointed-attorney fees "disadvantaged" Goeders, and was therefore ex post facto. *Id.* at 401–02. The supreme court reversed and remanded as to the other grounds of the case. *Id.* at 402.

in "other" restitution. In August of 2005, Allen requested a hearing on the amount of restitution believing that all restitution had been paid. The district court denied his request for a hearing.

In September 2008, Allen filed a motion to discharge judgment, claiming since he discharged his original restitution amount in 1995 no further restitution could be collected from him. The district court denied Allen's request for relief determining Allen's obligation to pay restitution continued throughout his period of incarceration. Allen filed a motion to enlarge and amend. The district court denied his relief finding that the imposition of restitution did not violate the ex post facto clauses of the Iowa or United States Constitutions. Allen attempted to appeal the court's ruling, but his appeal was dismissed due to his failure to comply with the appellate rules.

On January 7, 2013, Allen again filed an application for restitution hearing. He once again alleged his restitution obligation was satisfied and that requiring him to pay was an ex post facto violation. On January 28, 2013, the district court denied his request for a hearing. The court later denied Allen's motion to reconsider. Allen now appeals from this denial.

## II. SCOPE OF REVIEW

Postconviction relief proceedings are reviewed for correction of errors at law. *Taylor v. State*, 752 N.W.2d 24, 27 (Iowa Ct. App. 2008). However, Allen's claim regarding a violation of ex post facto principles is constitutional in nature, and we review constitutional claims de novo. *State v. Walshire*, 634 N.W.2d 625, 626 (Iowa 2001). This review requires an independent evaluation of the totality

of the circumstances shown by the record as a whole. *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007).

## III. ANALYSIS

### A. Restitution Hearing

Allen claims the district court erred when it denied his request for a hearing to modify his restitution plan. Specifically, Allen claims because the court based its denial on the fact he did not plead any legal authority in his application the court erred because Iowa Code section 910.7 does not require the pleading of specific legal authority.

Iowa Code section 910.7 addresses an offender's right to file a petition on any matter related to a plan of restitution. Iowa Code § 910.7(1) (2013). "[T]he court shall grant a hearing if on the face of the petition it appears that a hearing is warranted." *Id.* Section 910.7 accords "the district court the discretion to determine whether or not a hearing should be held." *State v. Blank*, 570 N.W.2d 924, 926 (Iowa 1997). "A defendant bears the burden of proof when challenging a restitution order." *Id.* at 927. "[A] defendant who seeks to upset an order for restitution of court costs and attorney fees has the burden to demonstrate a failure of the trial court to exercise discretion or abuse of discretion." *State v. Storrs*, 351 N.W.2d 520, 522 (Iowa 1984). "A defendant must plead sufficient facts (such as a claim of inadequate income or a change in income, expenses, or other circumstances) so that it appears from the face of the petition that a request for a section 910.7 hearing is not frivolous." *Blank*, 570 N.W.2d at 927.

Here, Allen failed to plead sufficient facts in his petition to warrant granting a hearing. Allen raised issues that had already been considered and rejected in his prior restitution challenges. The district court properly denied Allen's request for a restitution hearing.

**B. Ex Post Facto**

Allen claims the requirement for payment of court-appointed attorney fees in chapter 910 violates the ex post facto provisions of the United States and Iowa Constitutions. The State responds the statute is not a violation of the ex post facto clauses because it is not punitive. Under the Federal Constitution, Article I, Section 10: "No state shall . . . pass any . . . ex post facto law . . . ." Similarly, the Iowa Constitution provides, "No . . . ex post facto law . . . shall ever be passed." Iowa Const. art. I, § 21.

> The Supreme Court has stated:
>
> any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto.*

*Beazell v. Ohio*, 269 U.S. 167, 169–70 (1925). Addressing both the state and federal constitutions, the Iowa Supreme Court has stated the "constitutional provisions forbid the application of a new punitive measure to conduct already committed. The clauses are also violated when a statute makes more burdensome the *punishment* for a crime after its commission." *State v. Corwin*, 616 N.W.2d 600, 601 (Iowa 2000) (emphasis added). A statute is punitive, for ex post facto purposes, if its intent is to *punish* for past activity and not merely to

impose a restriction on someone "as a relevant incident to a regulation of a present situation." *State v. Pickens*, 558 N.W.2d 396, 398 (Iowa 1997) (quoting *De Veau v. Braisted*, 363 U.S. 144, 160 (1960)). The record shows the first element of the ex post facto test is satisfied—a newly enacted law was retroactively applied. We focus our inquiry on the second element—a law that increases ("makes more burdensome") the punishment for an offense after the fact.

The question central to this appeal is whether or not restitution, consisting of court costs and appointed-attorney fees, is a "punitive measure" meant to punish one for a past activity. After a de novo review of the record and the applicable law, we find Allen has failed to demonstrate the amended language in section 910.2 makes the punishment for his crime more burdensome. The bill enacting chapter 910 into law is entitled "Victim Restitution." 1982 Iowa Acts ch. 1162. The bill's preamble describes it as "an act relating to restitution by public offenders. Our supreme court has recognized restitution serves two purposes: "to protect the public by compensating victims for criminal activities, . . . [and] it also serves to rehabilitate the defendant." *State v. Kluesner*, 389 N.W.2d 370, 372 (Iowa 1986). The restitution obligations outlined in Iowa Code chapter 910 include two components: the payment of pecuniary damages to victims; and the payment of fines, costs, penalties, and surcharges. *State v. Hagen*, 840 N.W.2d 140, 149 (Iowa 2013). Historically, Iowa courts have treated the collection of court costs, including appointed-attorney fees, as a civil matter. *See State v. Sluyter*, 763 N.W.2d 575, 582 (Iowa 2009) (finding a judgment for costs entered

against acquitted defendant created a civil liability, and was not a fine imposed as a penalty for an offense); *LaRue v. Burns*, 268 N.W.2d 639, 642 (Iowa 1978) (refusing to impose jail sentence for failure to timely pay court costs and holding a judgment for costs should be enforced by execution); *Van Buren Cnty v. Bradford*, 210 N.W. 443, 444 (Iowa 1926) (noting "[i]t is the general rule that a judgment for costs against a defendant in a criminal prosecution creates a civil, and not a criminal, liability," except where the statute imposes costs as part of the penalty).

We conclude the payment of court-appointed attorney fees as a part of a defendant's restitution obligation is not punitive in nature and therefore cannot meet the second element for the ex post facto test. *See Pickens*, 558 N.W.2d at 398. We agree with the district court's reasoning:[2]

> Chapter 910 provides for restitution to the government for court-appointed attorney fees and costs. The legislature did not intend to retroactively add to the punishment of a crime committed prior to the effective date of the statute. The statute addresses the civil consequences of a crime and is remedial in nature. *See State v. Seering*, 701 N.W.2d 655, 667 (Iowa 2005). The statute simply allocates to the defendant the responsibility to pay for the costs of his defense. This civil consequence is not so punitive either in purpose or effect as to negate the non-punitive intent of the

---

[2] We find it uncommon the DOC would amend Allen's restitution plan to increase the amount owed years after his conviction. This event may have occurred as a result of actions of the clerk's office who sent a letter to Allen explaining that computerization of their records resulted in Allen owing more restitution than originally reported. The letter indicates the clerk intended to inform the Fort Dodge Correctional Facility. The increased amount appears to be for court-appointed attorney fees. If the clerk failed to take into consideration the subsequent supervisory order rescinding the order for attorney fees in Allen's case, an error may have arisen. If such an error occurred, the DOC should have caught the error as they were copied in on the supervisory order. Although the State alleges the supervisory order was invalid, there is no indication the State appealed the order, and we can only conclude it was a valid district court order in Allen's case.

legislature. *See Smith v. Doe*, 538 U.S. 84, 97 (2003). Restitution of court-appointed attorney fees is not traditional punishment. It does not impose a restraint on liberty. It is rationally related to a non-punitive purpose and is not excessive. *Id.*

We affirm the judgment of the district court.

**AFFIRMED.**