**IN THE COURT OF APPEALS OF IOWA**

No. 15-0602
Filed August 17, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEREMY MICHAEL CORY,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Story County, James A. McGlynn,

Judge.

    The defendant appeals from an amended restitution order.  **REVERSED**

**AND REMANDED FOR FURTHER PROCEEDINGS.**

    Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant

Appellate Defender, for appellant.

    Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney

General, for appellee.

    Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Jeremy Cory appeals from an amended restitution award. Cory was ordered at sentencing to pay $160,437.87 in restitution. Cory challenged the order, but the court determined it lacked jurisdiction to hear the challenge. Later, the restitution award was amended to $162,315.74. Cory challenged the amended award, but the district court denied his challenge without appointing him counsel or holding a hearing on the matter. On appeal from the amended order, Cory maintains the district court erred in denying his challenges to both orders. In response, the State maintains that a partial reversal is appropriate, conceding that Cory was entitled to court-appointed representation and a hearing regarding the additional amount of restitution, namely the additional $1877.87. However, the State maintains Cory may not challenge the original amount of restitution because he already had the opportunity to do so.

**I. Background Facts and Proceedings**

In July 2014, Cory was found guilty of murder in the first degree. Shortly thereafter, the State filed a statement of pecuniary damages to victims of the defendant in which it listed $160,437.87 in restitution owed by Cory. The statement indicated that "[f]urther expenses [we]re pending."

On August 29, 2014, the district court entered judgment and sentenced Cory. As part of the sentencing order, the court ordered Cory to pay restitution of $150,000 to the victim's estate,[1] to reimburse the crime victim assistance division

---

[1] This was ordered pursuant to Iowa Code section 910.3B (2013), which states in pertinent part:

> In all criminal cases in which the offender is convicted of a felony in which the act or acts committed by the offender caused the death of

for the amounts paid, to pay the costs of the action, to reimburse the State for the reasonable fees of his court-appointed attorney, and to pay for the preliminary investigation and autopsy costs of $2006.83.

The same day, Cory filed a notice of appeal "from the final Order entered herein . . . and all adverse rulings and orders occurring therein."

On September 10, 2014, Cory filed a motion in the district court for waiver of attorney fees, crime victim assistance, and costs. In it, Cory asserted that he could not reasonably pay the full amount of restitution ordered, and he asked for a hearing on the matter. The district court denied Cory's motion in its "entirety for lack of trial court jurisdiction following the Defendant's appeal." Cory's challenge to the first restitution order has never been heard in district court.

On March 3, 2015, the State filed an amended and substituted statement of pecuniary damages to victims of the defendant. In it, the State listed the same $160,437.87 as the first statement with an additional $1877.87 for various items of property damage or loss. The State also filed an application asking the court to order Cory to pay the new total of $162,315.74 in restitution.

The same day, the district court entered an order approving the substituted amount of restitution and advising Cory he had thirty days to file a written objection to the amount of restitution.

On March 12, 2015, well within the thirty-day time frame, Cory filed an objection to the amount of restitution. He again requested a hearing and court-

---

another person . . . the court shall also order the offender to pay at least one hundred fifty thousand dollars in restitution to the victim's estate if the victim died testate.

appointed counsel "to help [him] on the issue of restitution." He also filed a financial affidavit and an application for the appointment of counsel.

The next day, the district court entered an order, in which it stated in part:

> The Court's sentencing order filed August 29, 2014, required the defendant to pay [$160,437.87]. The defendant has appealed his conviction. As a result of the defendant's appeal, the restitution of $160,437.87 ordered to be paid as part of the Enrolled Judgment Entry will be considered by the appellate court. The defendant has court-appointed counsel on that appeal. Accordingly, there is no need to appoint counsel for the defendant in regard to those amounts or for the district court to take any action regarding those amounts.

The court went on to state that only Cory's challenge to the estate's claim of $1877.87 was before it. The court then denied Cory's request for the appointment of counsel and for a hearing on the matter but ordered the State to provide documentation to prove the new claims were warranted.

Eleven days later, Cory filed a motion to enlarge findings of fact and conclusions of law, in which he maintained the court had jurisdiction to hear his challenge following the supplemental restitution order because the challenge was filed within thirty days, a hearing was required by due process, and reiterating that he was not asking to modify the award pursuant to a section 910.7 civil challenge but rather challenged the amount of restitution claimed by the State.

The district court again denied Cory's motion in its entirety.

A second amended or supplemental statement of pecuniary damages was filed by the State on April 3, 2015, in which the State reduced the amount of restitution to $161,817.54. The reduction came from the amount for damaged or lost property.

Three days later, Cory filed a notice of appeal. He again requested counsel. The district court declined to appoint counsel, stating "the defendant is not entitled to a court-appointed attorney in regard to this civil matter."

## II. Standard of Review

We review restitution orders for correction of errors at law. *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). "In reviewing a restitution order 'we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *Id.* (citation omitted).

## III. Discussion

Here, the district court erred in concluding that it did not have jurisdiction to decide Cory's challenge to the amendment of the restitution award. Although Cory's direct appeal was still pending at that time, he did not challenge the restitution order on appeal,[2] and he had the right to challenge the restitution order in the district court. *See State v. Jenkins*, 788 N.W.2d 640, 644 (Iowa 2010) ("In connection with restitution orders, a criminal defendant may challenge restitution at the time of sentencing and may file a timely appeal in the criminal case of any restitution order. In addition, '[a]t any time during the period of

---

[2] In *State v. Cory*, No.14-1436, 2015 WL 7567527, at *1 (Iowa Ct. App. Nov. 25, 2015), Cory challenged:

> [T]he jury's verdict, claiming the State presented insufficient proof he committed the murder. He also argue[d] the district court violated his right to present a defense by excluding evidence of his alcoholism. In a related issue, Cory contend[ed] the court erred in limiting his opportunity to question potential jurors concerning alcohol abuse. Cory further claim[ed] the court erred in excluding evidence of a burglary that occurred at his house two weeks after his arrest. Finally, Cory allege[d] his trial counsel was ineffective for not raising an argument under article I, section 10 of the Iowa Constitution in seeking to suppress statements Cory made during a law enforcement interview.

A panel of our court affirmed Cory's conviction and preserved his claim of ineffective assistance for further development of the record.

probation, parole, or incarceration, the offender . . . may petition the court on any matter related to the plan of restitution or restitution plan of payment.'" *(alteration in original) (citation omitted))*.

Moreover, as the State concedes, Cory challenged the supplemental order within thirty days and was entitled to court-appointed representation and a hearing. *See State v. Blank*, 570 N.W.2d 924, 926 (Iowa 1997) ("To be considered an extension of the criminal proceedings . . . the defendant's petition under section 910.7 must be filed within thirty days from the entry of the challenged order."); *see also State v. Alspach*, 554 N.W.2d 882, 884 (Iowa 1996) (holding defendants are entitled to court-appointed counsel when challenging restitution imposed as part of the original sentencing order or supplemental orders under Iowa Code section 910.3); *cf. Jenkins*, 788 N.W.2d at 644 ("A petitioner seeking to challenge a restitution award outside of a criminal appeal, however, is not automatically entitled to a hearing, but is granted a hearing only if the district court determines, based on the petition, that a hearing is warranted.").

The question before us is whether Cory can challenge the entire award of restitution or just the additional award on remand. The State asserts that because Cory has provided no authority to support his assertion that he can challenge the full amount of restitution, his hearing on remand should be "properly limited to the $1877.87 added in the amended statement."[3] While it is true Cory has not cited authority for the proposition that he may challenge the

---

[3] It is unclear why the State has focused on the additional $1877.87 added between the original restitution order and the first supplemental order. At the time of Cory's appeal, a second supplemental order had been filed that reduced the difference between the initial restitution ordered and the current amount to $1379.67.

entire amount of restitution ordered, we note the State has not offered any authority to support its contention that he may not.

The State maintains we should limit the scope of Cory's challenge on remand because Cory already had a chance to challenge the initial restitution award when it was ordered at the same time as sentencing and while he already had appointed counsel. Cory did challenge the initial restitution award when it was imposed. Following the entry of the order on August 29, 2014, Cory filed a motion for waiver of attorney fees, crime victim assistance, and costs with the district court on September 10. However, the district court incorrectly determined it did not have jurisdiction. *See State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984) (stating a defendant has the option to challenge a restitution order either in the district court or on appeal, but suggesting the best course of action is through the district court "because considerable discretion is lodged in the district court on matters involving sentencing, [and] the sentencing court may be less reluctant than the appellate court to grant relief from an order for restitution or plan of restitution").

We remand so Cory may have counsel appointed and a hearing on his challenge to the ordered restitution. We decline to limit his challenge to the restitution added by the supplemental order.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**