# IN THE COURT OF APPEALS OF IOWA

No. 15-0982
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAUNTE DOMINIQUE BULLOCK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, William L. Dowell (judgment) and Mary Ann Brown (amended judgment), Judges.


        Daunte Dominique Bullock appeals from an order entered on his motion to correct illegal sentences. **APPEAL DISMISSED.**



        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., McDonald, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**DANILSON, Chief Judge.**

Daunte Dominique Bullock appeals from a district court order entered on his motion to correct illegal sentences. The supreme court granted his motion for delayed appeal and transferred the case to this court. Bullock contends the district court erred in assessing him court costs and attorney fees without making a determination of his reasonable ability to pay and argues any delay in raising the issue is attributable to ineffective assistance of counsel. This claim must first be made to the district court. We dismiss the appeal.

In 2003, Bullock was convicted of first-degree kidnapping for an offense committed in 1999 when Bullock was sixteen years old.[1] He was sentenced to life without the possibility of parole on the kidnapping conviction. Bullock was sentenced to two consecutive prison terms not to exceed twenty-five years on the burglary and sexual-abuse convictions, with a mandatory minimum on the sexual-abuse charge.

Bullock's kidnapping conviction was affirmed on direct appeal. *See State v. Bullock*, No. 03-1444, 2004 WL 2173339, at *1 (Iowa Ct. App. Sept. 29, 2004). In 2011, based on *Graham v. Florida*, 560 U.S. 48, 74-75 (2010), and *Bonilla v. State*, 791 N.W.2d 697, 701 (Iowa 2010), Bullock was resentenced to life with the possibility of parole. Provisions of his sentence regarding restitution were left undisturbed.

---

[1] Bullock had been convicted previously of first-degree burglary and second-degree sexual abuse in 2000 for additional offenses committed in 1999. *See State v. Bullock*, No. 15-0077, 2016 WL 1130311, at *4 n.3 (Iowa Ct. App. Mar. 23, 2016) (further review denied July 28, 2016).

In 2014, Bullock filed a motion to correct illegal sentence, seeking resentencing with no mandatory minimum based on *State v. Lyle*, 854 N.W.2d 378, 381 (Iowa 2014) (holding "juvenile offenders cannot be mandatorily sentenced under a mandatory minimum sentencing scheme"). The district court conducted a resentencing hearing on the motion, heard evidence, and ultimately entered an "order reaffirming previous sentence" after engaging in the analysis required by *Lyle*.[2] Bullock's appeal of the resentencing on the sexual-abuse and burglary charges was decided by this court on March 23, 2016. *See State v. Bullock*, 2016 WL 1130311, at *4. There, our court stated: "To the extent Bullock claims he does not have the reasonable ability to pay the restitution ordered in 2002, he can petition the district court for a hearing to review the plan of restitution or the restitution plan of payment pursuant to Iowa Code section 910.7." *Id.*

Bullock was allowed a delayed appeal in this case regarding his kidnapping conviction due to counsel's failure to file a timely notice of appeal despite Bullock's timely request.

On appeal, Bullock does not challenge district court's order resentencing him to life in prison with possibility of parole. Rather, he challenges the restitution portions of his sentence previously entered, which were left undisturbed in both the 2011 and 2014 resentencing proceedings. He contends

---

[2] At the resentencing hearing, the court stated:

> So the sentences in these cases will be—first of all, in FECR001942, the sentence will remain as it was previously imposed [consecutive terms of imprisonment], except I will lift any minimum sentence to be served before you're eligible for parole, and the sentence in FECR002831, the life sentence, will remain as previously entered in the resentencing in 2011.

court costs and mandatory attorney fees were assessed to him "without the constitutionally mandated determination of his reasonable ability to pay." Bullock asserts, "This matter should be reversed and remanded for a hearing to determine Bullock's reasonable ability to pay the obligations in question."

The State responds in part by contesting Bullock's right to raise this issue here. The State argues Bullock may only challenge the district court's order reaffirming the prior sentence through certiorari or discretionary review. *See State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017) (noting there is no right to appeal a denial of a motion to correct illegal sentence and that "appeals from a motion to correct an illegal sentence are most appropriately fashioned" as a petition for writ of certiorari). The State further argues that because Bullock is not challenging the substance of the 2014 order but is rather disputing the amount of restitution—an issue unaddressed in the district court's 2014 order—"[t]he proper mechanism to contest the amount of restitution is a motion pursuant to section 910.7."

We disagree slightly with the State's characterization of Bullock's request to this court. Bullock is not directly challenging the amount of the restitution ordered. Rather, he is asserting there has been no hearing or finding of "his reasonable ability to pay the obligations emanating from his conviction." Bullock correctly asserts that a finding of an ability to pay is "constitutionally mandated"; however, this does not automatically bring his claim within the ambit of an illegal sentence.

This court has previously stated:

> Regardless of a defendant's ability to pay, the sentencing court must order restitution to crime victims and to the clerk of court for fines, penalties, and surcharges. Iowa Code § 910.2(1); *see also State v. Wagner*, 484 N.W.2d 212, 215–16 (Iowa Ct. App. 1992). But ordering court costs and court-appointed attorney fees is subject to the defendant's reasonable ability to pay. Iowa Code § 910.2(1); *see also State v. Kaelin*, 362 N.W.2d 526, 528 (Iowa 1985). A defendant's reasonable ability to pay is a "constitutional prerequisite" for restitution orders under section 910.2. *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). "A determination of reasonableness, especially in a case of long-term incarceration, is more appropriately based on the inmate's ability to pay the current installments than his ability to ultimately pay the total amount due." *Id.* at 649.

*State v. Campbell*, No. 15-1181, 2016 WL 4543763, at *3 (Iowa Ct. App. Aug. 31, 2016).

> The distinction is relevant because:

> The amount of restitution is part of the sentencing order and is therefore directly appealable, as are all orders incorporated in the sentence. [*State v.*] *Janz*, 358 N.W.2d [547,] 549 [(Iowa 1984)]. The ability to pay is an issue apart from the amount of restitution and is therefore not an "order[] incorporated in the sentence" and is therefore not directly appealable as such.

*Jose v. State*, 636 N.W.2d 38, 45 (Iowa 2001) (final alteration in original).[3]

> As noted in *State v. Jenkins*, 788 N.W.2d 640, 644 (Iowa 2010),

> In connection with restitution orders, a criminal defendant may challenge restitution at the time of sentencing and may file a timely appeal in the criminal case of any restitution order. *State v. Blank*, 570 N.W.2d 924, 925-26 (Iowa 1997). In addition, "[a]t any

---

[3] In *Jose*, the court also stated:
> *Janz* instructs that a defendant challenging a restitution order entered as part of the original sentence has two options: to file a petition in district court under section 910.7, or to file a direct appeal. *To be considered an extension of the criminal proceedings, however, the defendant's petition under section 910.7 must be filed within thirty days from the entry of the challenged order.* Failing that, or a timely appeal [under *Janz*], a later action under section 910.7 would still provide an avenue for relief. But the action would be civil, not criminal, in nature.

636 N.W.2d at 47 (alteration in original) (citation omitted).

> time during the period of probation, parole, or incarceration, the offender . . . may petition the court on any matter related to the plan of restitution or restitution plan of payment." Iowa Code § 910.7(1). A petitioner seeking to challenge a restitution award outside of a criminal appeal, however, is not automatically entitled to a hearing, but is granted a hearing only if the district court determines, based on the petition, that a hearing is warranted. *Blank*, 570 N.W.2d at 927; *State v. Alspach*, 554 N.W.2d 882, 883-84 (Iowa 1996). If the district court determines that a hearing should be held, the court has authority to modify the plan of restitution, the plan of payment, or both. Iowa Code § 910.7(2).

(Alteration in original); *accord State v. Wolcott*, No. 2012 WL 1439510, at *2-3 (Iowa Ct. App. Apr. 25, 2012) (discussing the litigation "spawned" by the timing of a defendant's challenge to a restitution order and the right to court-appointed counsel).

The judgment entered on the kidnapping conviction on August 15, 2003, provides in part:

> 3. The Defendant shall pay the following:
> (a) Court costs in the sum of $424.42. . . .
> (b) Restitution for court-appointed attorney fees *to be determined* and set pursuant to section 815.9, Code of Iowa.
> (c) Restitution for this crime *in an amount to be determined at a later date* after a statement of pecuniary damages is filed in this matter by the State of Iowa within thirty (30) days of this Order, and a hearing is subsequently scheduled, if necessary.

(Emphasis added.)

A statement of pecuniary damages in the sum of $100 for the Crime Victim Assistance Program was filed on August 20, 2003. Notice of appeal was filed on September 2, 2003. Restitution plans and amendments that included court-appointed attorney fees were subsequently filed.

This case is akin to *Wolcott*, where we stated:

> In Wolcott's case, he filed his notice of appeal prior to the supplemental order establishing the amount of restitution. He could

have filed a petition under section 910.7 in the district court within thirty days of the supplemental order, and it would have been considered an extension of his criminal proceedings. [*See State v.*] *Dudley*, 766 N.W.2d [606,] 619 n.5; *Jose*, 636 N.W.2d at 47; *Blank,* 570 N.W.2d at 926. He did not do so. Under these circumstances, we do not believe a remand is mandated.

2012 WL 1439510, at *4. Moreover, the December 2014 order only provided that the previous orders concerning restitution were reaffirmed without consideration of the issue Bullock now raises. We dismiss this appeal as improvidently granted.

**APPEAL DISMISSED.**