# IN THE COURT OF APPEALS OF IOWA

No. 17-0234
Filed May 16, 2018

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**PETER KELLY LONG,**
　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Webster County, Thomas J. Bice, Judge.

An inmate appeals the denial of his petition for a restitution hearing. **REVERSED AND REMANDED.**

Andrew J. Boettger of Hastings, Gartin & Boettger, LLP, Ames, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

Peter Long appeals the dismissal of his request for a restitution hearing. The district court ruled Long's June 2016 motion was untimely because the State submitted a restitution plan in January 2012. Because Iowa Code section 910.7 permits an offender to petition for a hearing "[a]t any time during the period of probation, parole, or incarceration," and Long is incarcerated, his motion was timely and the district court should have assessed its merits. We reverse and remand for such an assessment.

## I.      Facts and Prior Proceedings

In 2010, a jury found Long guilty of sexual abuse in the third degree. Based on prior convictions, Long qualified for a sentencing enhancement under Iowa Code section 902.14(1)(c) (2010). Long was convicted of a class "A" felony and sentenced to life in prison.

In January 2012, the State, through the Iowa Department of Corrections, filed a restitution plan stating Long was ordered to pay $12,530.20 in court costs associated with his jury trial and subsequent bench trial to decide the enhancement allegation.[1]   The plan required Long to pay twenty percent of all credits to his institutional account to cover the outstanding balance. A notation at the bottom of the plan showed a copy was sent to Long.

More than four years later, in June 2016, Long filed a motion, as a self-represented litigant, requesting a restitution hearing under section 910.7 (2016). In his motion he challenges the $12,530 in restitution, contending: (1) the two

---

[1] Certified accounts of various court costs and attorney fees were filed between February 4, 2011 and February 8, 2011, totaling $12,492.60 dollars.

attorneys, who represented him in district court, were employed by the State Public Defender's Office and already paid by the State; (2) he should not be required to reimburse the cost of two attorneys because his underlying sexual abuse offense was a class "C" felony, only requiring the appointment of one attorney; (3) the restitution plan failed to consider all of his individual circumstances; and (4) he already paid more than one-thousand dollars in restitution.  Without considering whether any of Long's claims warranted a hearing, the district court denied Long's request as "untimely."

Six months later, in January 2017, Long renewed his request for a restitution hearing under section 910.7 (2017).  Again filing as a self-represented litigant, Long alleged: (1) he was already paying restitution; (2) "[t]here was never a restitution plan served by the public defender's office"; (3) "[t]he restitution amount just appeared on this banking statement without notice[ m]ore than a year after incarceration, way past the time limit"; (4) the restitution plan was prepared without consideration of his individual circumstances; (5) procedural deficiencies; (6) the amount of restitution created a financial hardship for him as an inmate; and (7) he should not be required to pay for two attorneys.  Long asked that his motion be considered by a different district court judge than the judge who denied his June 2016 request.  A different district court judge ruled on the January 2017 motion stating: "It is ordered, for the same reasons set out in the Order of June 8, 2016, that the aforesaid motion is overruled."

Long now appeals arguing that the district court erred in dismissing his request for a restitution hearing as untimely.[2]

## II.    Analysis

We review the district court's denial of a restitution hearing for an abuse of discretion.[3]  *See State v. Blank*, 570 N.W.2d 924, 925 (Iowa 1997).  To the extent statutory interpretation is at play, we review for legal error.  *Id.*  We first go to section 910.7, which states:

> At any time during the period of probation, parole, or incarceration, the offender . . . may petition the court on any matter related to the plan of restitution or restitution plan of payment and the court shall grant a hearing if on the face of the petition it appears that a hearing is warranted.

Under this provision, an incarcerated offender may petition the court for a restitution hearing at any time, even after the period for an appeal expires.  *See Ernest v. State*, 508 N.W.2d 630, 633 (Iowa 1993).  Although Long's direct appeal and postconviction-relief (PCR) appeal[4] both have been decided, he remains incarcerated.  Accordingly, his petitions are timely under section 910.7.  The district court wrongly dismissed based on Long's delay in seeking a restitution hearing.  *See State v. Hering*, No. 17-0724, 2018 WL 1865226, at *3 (Iowa Ct. App. Apr. 18,

---

[2] Long's questions about his inmate account may be administrative matters beyond the scope of the restitution order.  *See* Iowa Code § 904.702.  But the district court denied the petition on the basis that it was untimely.

[3] Both parties claim our review should be for legal error, citing to *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010), and *State v. Klawonn*, 688 N.W.2d 271, 275 (Iowa 2004).  But both *Jenkins* and *Klawonn* address challenges to restitution orders rather than a challenge to a district court's refusal to grant a restitution hearing under section 910.7.  *Jenkins*, 788 N.W.2d at 641; *Klawonn*, 688 N.W.2d at 273.

[4] Our supreme court upheld Long's conviction and sentence.  *See State v. Long*, 814 N.W.2d 572 (Iowa 2012).  Our court affirmed the denial of Long's PCR application that alleged his sentence was cruel and unusual.  *Long v. State*, No. 15-1231, 2017 WL 514400, at *1 (Iowa Ct. App. Feb. 8 2017).

2018) (finding district court erred in dismissing inmate's petition for restitution hearing as untimely).

The State concedes the district court erred by dismissing the petition as untimely but asks us to affirm on different grounds. It contends Long's petition was deficient on its face because it failed to raise any meritorious claims to compel a hearing. The State argues "[t]he district court could reasonably find that a hearing was not warranted in this case because Long's challenge finds no support in the record" and asks this court to affirm on that basis.

But the State's argument highlights that the district court never reached the substance of the petition. And the State did not object to Long's claims on their merits in the district court. On appeal, our review is not de novo and we have no substantive conclusions to review. We are unable to evaluate if the district court properly exercised its discretion when no discretion was exercised. "We are a court of review, not a nisi prius court. We cannot 'review' an issue unless it was raised in the trial court." *State v. Holbrook*, 261 N.W.2d 480, 482 (Iowa 1978). It is beyond our purview to serve as the first court to consider the merits of Long's petition because "the legislature has determined the district court should serve as [the] gatekeeper with the discretion to grant a hearing." *See Blank*, 570 N.W.2d at 927. Accordingly, we remand for the district court to fill its role as gatekeeper and consider the petition's substance. *See Hering*, 2018 WL 1865226, at *3 (remanding to district court rather than assess viability of restitution hearing petition); *State v. Losee*, 895 N.W.2d 482, 484 (Iowa Ct. App. 2017) (determining

district court dismissed section 910.7 petition based on statutory misinterpretation and remanding for district court to consider substance of petition).

**REVERSED AND REMANDED.**