# IN THE COURT OF APPEALS OF IOWA

No. 17-1043
Filed August 1, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ABEL QUIJAS, JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Fayette County, David P. Odekirk (restitution) and Richard D. Stochl (modification), Judges.

An inmate appeals the dismissal of his petition to modify restitution. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

This case presents questions related to whether and when an offender is entitled to the assistance of counsel and a hearing to challenge a restitution order for the reimbursement of room and board expenses related to the pretrial detention of the offender.

Abel Quijas, Jr., was convicted of attempted murder, in violation of Iowa Code section 707.11 (2013). On July 11, 2016, the district court sentenced Quijas to an indeterminate term of incarceration not to exceed twenty-five years and ordered Quijas to pay court costs. The district court found Quijas did not have the reasonable ability to pay court-appointed attorney fees.

On July 26, 2016, the Fayette County Sheriff's office filed a room and board reimbursement claim pursuant to Iowa Code sections 356.7 and 910.1(4). The district court granted the request and entered judgment on the same day. On September 20, 2016, the Department of Corrections filed a restitution plan of payment, which stated, "Pursuant to Chapter 910 of the Code of Iowa, the above listed inmate has been ordered to pay the county Clerk of Court 20 percent of all credits to this inmate's institutional account." The restitution plan of payment noted Quijas was ordered to pay $34,384.40, which represented room and board plus additional costs.

On May 17, 2017, roughly ten months later, Quijas filed a pro se petition to modify restitution pursuant to Iowa Code section 910.7. In his petition, Quijas argued he was entitled to a hearing on restitution. He also argued requiring him to pay pre-trial detention costs was "tantamount to debtors prison" and violated his right not to be subject to cruel and unusual punishment. On May 25, 2017, the

district court entered an order taking no action because Quijas's direct appeal was still pending. Subsequently, Quijas filed a motion to enlarge and amend the district court's order. In response, the district court entered the following order:

> Defendant filed a motion to modify restitution. He complains about being assessed Sheriff fees for incarceration. The court did not require him to reimburse the state for attorney's fees but the order did not excuse his payment of the sheriff's fees.
>
> No hearing is necessary on this issue. The motion is Denied.

Quijas timely filed this appeal.

"We review restitution orders for correction of errors at law." *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010). "When reviewing a restitution order, we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *Id.* We review the district court's denial of a restitution hearing pursuant to Iowa Code section 910.7 for an abuse of discretion. *See State v. Blank*, 570 N.W.2d 924, 927 (Iowa 1997); *State v. Long*, No. 17-0234, 2018 WL 2230229, at *2 (Iowa Ct. App. May 16, 2018). To the extent any constitutional issues are raised, our review is de novo. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004).

Before directly addressing Quijas's claims, we set forth necessary background regarding restitution.

> There are two distinct parts that make up a restitution order: the plan of restitution and the restitution plan of payment. The plan of restitution sets out the amounts and kind of restitution in accordance with the priorities established in section 910.2. The restitution plan of payment is the next step that sets out the schedule for the offender to carry out the terms of the plan of restitution.

*State v. Kurtz*, 878 N.W.2d 469, 471 (Iowa Ct. App. 2016) (internal citations omitted). Included as restitution are "court costs including correctional fees

approved pursuant to section 356.7." Iowa Code § 910.1(4). The sentencing court "shall order" that these correctional fees be paid as restitution "to the extent that the offender is reasonably able to pay" the correctional fees. Iowa Code § 910.2(1).

Quijas first contends he was entitled to the assistance of counsel to challenge the district court's restitution order. Quijas's argument is foreclosed by controlling case law. It is true that an offender is entitled to the assistance of counsel for "challenges to restitution imposed as part of the original sentencing order, or supplemental orders, under Iowa Code section 910.3." *See State v. Alspach*, 554 N.W.2d 882, 884 (Iowa 1996). However, the offender is entitled to the assistance of counsel only when the offender asserts the challenge within thirty days of the date of the sentencing order at issue. *See Blank*, 570 N.W.2d at 926 ("To be considered an extension of the criminal proceedings, . . . the defendant's petition . . . must be filed within thirty days from the entry of the challenged order. Failing that, or a timely appeal, a *later* action under section 910.7 would still provide an avenue for relief. But the action would be civil, not criminal, in nature." (citations omitted)). Any challenge raised after thirty days is a separate civil proceeding and not part of the criminal proceeding to which the right of counsel attaches. *See id.* Here, Quijas concedes his challenge to the restitution order was filed more than thirty days after entry of the order. He argues the controlling precedents are poorly reasoned and confused, and he requests we overrule the controlling cases. We are not at liberty to ignore or overrule controlling precedents.

Quijas makes an additional argument in favor of the right to the assistance of counsel. He argues the lack of a hearing prior to the entry of a restitution order

renders his sentence illegal. He further argues he is entitled to the assistance of counsel in a challenge to an illegal sentence. We disagree with the minor premise that the lack of a restitution hearing renders his sentence illegal. *See State v. Bullock*, No. 15-0982, 2017 WL 4049276, at *2 (Iowa Ct. App. Sept. 13, 2017) ("[Defendant] is asserting there has been no hearing or finding of his reasonable ability to pay the obligations emanating from his conviction. [Defendant] correctly asserts that a finding of an ability to pay is 'constitutionally mandated'; however, this does not automatically bring his claim within the ambit of an illegal sentence."). The challenged order in this case is a collateral civil order not part of the defendant's sentence. The entry of the order without a hearing does not make the defendant's sentence illegal.

Quijas contends he is entitled to a restitution hearing on whether he has the reasonable ability to pay the room and board fees even if he is not entitled to the assistance of counsel in the conduct of the hearing. This argument is on firmer ground. Pursuant to Iowa Code section 910.7, an offender, as Quijas did in this case, may "petition the court on any matter related to the plan of restitution or restitution plan of payment." Iowa Code § 910.7(1). "Under Iowa Code section 910.7 a defendant is not automatically entitled to a hearing." *Blank*, 570 N.W.2d at 927. Instead, the district court "shall grant a hearing if on the face of the petition it appears that a hearing is warranted." Iowa Code § 910.7(1). "The district court serves as a gatekeeper and has the discretion to grant a hearing if 'it appears from the face of the petition that a request for a section 910.7 hearing is not frivolous.'" *State v. Gilleland*, No. 10-2042, 2013 WL 1749772, at *5 (Iowa Ct. App. Apr. 24, 2013) (quoting *Blank*, 570 N.W.2d at 927). A defendant who seeks to upset an

order for restitution of court costs and attorney fees "has the burden to demonstrate a failure of the trial court to exercise discretion or abuse of discretion." *Kurtz*, 878 N.W.2d at 473 (quoting *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987)).

Under the facts and circumstances of this case, we must conclude the district court abused its discretion in denying Quijas's petition without a hearing. To establish an entitlement to a hearing, "[a] defendant must plead sufficient facts (such as a claim of inadequate income or a change in income, expenses, or other circumstances) so that it appears from the face of the petition that a request for a section 910.7 hearing is not frivolous." *Blank*, 570 N.W.2d at 927. *See State v. Allen*, No. 13-0318, 2015 WL 161824, at *2 (Iowa Ct. App. Jan. 14, 2015). Here, Quijas noted the district court already found the defendant did not have the reasonable ability to pay attorney's fees in any amount. Despite the district court's prior finding that Quijas did not have any ability to pay attorney's fees, the district court summarily denied Quijas's petition for a restitution hearing on the room and board fees even though the room and board fees were almost three times as large as the attorney-fee request. Perhaps there are changed or different circumstances that could justify the different treatment of the two separate components of restitution. *See, e.g.*, *State v. Izzolena*, 609 N.W.2d 541, 553 n.8 (Iowa 2000) (noting a section 910.7 hearing focuses on the defendant's ability to pay current installment amounts rather than the entire award); *Bullock*, 2017 WL 4049276, at *2 (finding reasonableness is best determined by considering an inmate's ability to make current installment payments, particularly when an inmate is incarcerated for a significant period of time). Perhaps not. The question should be determined in the first instance by the district court after a hearing on the issue.

We hold the defendant was not entitled to the assistance of counsel to challenge the district court's restitution order where the challenge was asserted more than thirty days after the entry of judgment in the underlying criminal case. We also hold the district court abused its discretion in dismissing without explanation the offender's petition for a restitution hearing regarding room and board fees where the district court made a prior determination the offender did not have the reasonable ability to pay a lesser amount of attorney's fees.

**REVERSED AND REMANDED.**