**STATE of Iowa, Appellee,**

v.

**Roger Gene VAN HOFF, Appellant.**

**No. 86–1185.**

Supreme Court of Iowa.

Nov. 25, 1987.

As Corrected Jan. 26, 1988.

---

**648**

Roger Gene Van Hoff, pro se.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., and James C. Hudson, Co. Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO and NEUMAN, JJ.

LARSON, Justice.

Roger Gene Van Hoff, imprisoned for life on two convictions of murder, was employed in the penitentiary at wages of approximately $80 per month. When the division of adult corrections formulated a restitution plan under Iowa Code section 910.-5(1) (1985), requiring him to apply twenty

percent of his earnings to the county to reimburse it for $44,247.66 in costs, Van Hoff objected by filing an application for modification. *See* Iowa Code § 910.7. He claimed that this amount was not one which he was "reasonably able to pay" within the meaning of Iowa Code section 910.2.

The district court modified the restitution amount by reducing it to $16,500, but Van Hoff appealed, claiming that this amount was still unreasonable. The court of appeals, in a split decision, agreed, holding that the modified order was unreasonable and an abuse of discretion. We vacate the court of appeals decision and affirm the order of district court.[1]

Iowa Code section 910.2 requires an offender,

> to the extent that the offender is *reasonably able to do so,* to [reimburse] the county where conviction was rendered for court costs, court-appointed attorney's fees or the expense of a public defender when applicable.

(Emphasis added.)

Van Hoff argues that the $16,500 amount is unreasonable on its face because, at his present level of income, it would take him ninety-two years to pay it off. The court of appeals agreed, holding that to be reasonable the amount required to be paid must be capable of satisfaction in full "over a reasonable term."

A defendant's reasonable ability to pay is a constitutional prerequisite for a criminal restitution order such as that provided by Iowa Code chapter 910. *See State v. Haines,* 360 N.W.2d 791, 797 (Iowa 1985); *State v. Harrison,* 351 N.W.2d 526, 529 (Iowa 1984). A defendant who seeks to upset a restitution order, however, has the burden to demonstrate either the failure of the court to exercise discretion or an abuse of that discretion. *See State v. Kaelin,* 362 N.W.2d 526, 528 (Iowa 1985).

1. In *State v. Mayberry,* 415 N.W.2d 644 (Iowa 1987), filed today, we addressed another issue under Iowa Code chapter 910: whether restitution for "pecuniary damages" to the family of a murder victim was proper. That issue is not involved in the present case, which involves only restitution for the expenses of Van Hoff's trial.

We do not believe Van Hoff's "reasonable" ability to pay the restitution is necessarily determined by his ability to pay it in full during the period of his incarceration, as held by the court of appeals, although that might be one of the factors to be considered. A determination of reasonableness, especially in a case of long-term incarceration, is more appropriately based on the inmate's ability to pay the current installments than his ability to ultimately pay the total amount due. Van Hoff does not claim that he is paying child support, alimony, or any similar expenses. His living expenses, obviously, are paid by the state. He does not claim that he is unable to pay twenty percent of his prison wages toward the restitution order.

If circumstances change, either an offender or the officer preparing the plan of restitution may apply to reduce or increase the payments. Iowa Code § 910.7. With Van Hoff facing two life terms, it is likely that substantial changes will occur. It is almost certain that his wages will vary from time to time. It is also possible that he could come into money from some other source. These and other future events, all of which would bear on his ability to pay the full amount, are imponderables at the time of the restitution order.

We conclude that the district court's refusal to further reduce the restitution amount was not an abuse of discretion. We therefore vacate the court of appeals decision and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.