**STATE of Iowa, Appellant,**

v.

**Roger G. VAN HOFF, Appellee.**

**No. 94–896.**

Supreme Court of Iowa.

Feb. 22, 1995.

Thomas J. Miller, Atty. Gen., and R. Andrew Humphrey, Asst. Atty. Gen., for appellant.

Linda Del Gallo, State Appellate Defender, and Annette L. Hitchcock, Asst. State Appellate Defender, for appellee.

Considered by McGIVERIN, C.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

NEUMAN, Justice.

This is the State's appeal in a case involving prison inmate Roger G. Van Hoff's challenge to his restitution plan. *See* Iowa Code § 910.7 (1993). Although the district court upheld the plan with respect to deductions from Van Hoff's prison allowance, the court ruled that correction officials were without statutory authority to impose an across-the-board assessment of twenty percent against funds received by inmates from outside sources. Only the latter issue is before us on appeal.

Our decision is controlled by *Walters v. Grossheim*, 525 N.W.2d 830 (Iowa 1994). *Walters* involved an inmate's claims for injunctive relief against the same newly enacted corrections policy challenged here by Van Hoff. We made the following three observations in *Walters* about the restitution scheme under review: (1) that Iowa Code section 904.702 specifically authorizes deductions for restitution from inmates' prison allowances; (2) that a general obligation to make restitution, applicable to prisoners and nonprisoners alike, may be inferred from the broad language of Iowa Code chapter 910 as implemented through 201 Iowa Administrative Code 20.11; and (3) that to conform with constitutional due process standards, restitution may be collected from prisoners' private sources of income only upon notice and hearing concerning a prisoner's individualized circumstances. *Watters*, 525 N.W.2d at 832.

Implicit in our *Walters* decision was our rejection of the claim advanced here by Van Hoff that only deductions from prison allowances are permitted by statute. The district court's contrary ruling on that point is incorrect. We are obliged to affirm the court's refusal to order restitution from Van Hoff's outside sources of income, however, because the assessment was not made on an individualized basis. *See Walters*, 525 N.W.2d at 833.

**AFFIRMED.**