51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Henry E. PARRISH; Yvonne L. Parrish, Plaintiffs-Appellees,
v.
Donald MALLENGER; Crispus C. Nix, Defendants-Appellants,
Richard Larkin, Defendant.
 No. 94-2191
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 12, 1994
Filed: Apr. 7, 1995
 
 Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Iowa inmate Henry Parrish and his wife, Yvonne, brought this action under 42 U.S.C. Sec. 1983 seeking damages and injunctive relief against prison officials who seized funds that came to his inmate account from an outside source. Defendants propose to apply the funds to meet Parrish's criminal restitution obligations under Iowa law. Plaintiffs argue that seizing the funds without affording Parrish notice and an opportunity to be heard violated his right to procedural due process under the Fourteenth Amendment. Two defendants filed this interlocutory appeal after the district court denied their qualified immunity defense to plaintiffs' damages claims.
 
 
 2
 This case is part of a long-simmering dispute over the extent of Iowa prison officials' statutory and constitutional authority to seize funds from inmate accounts for restitution purposes. Since we heard oral argument, the Iowa Supreme Court has issued two decisions that interpret the relevant Iowa statutes and regulations in the context of inmates' due process rights. State v. Van Hoff, 1995 WL 81355 (Iowa Feb. 22, 1995); Walters v. Grossheim, 525 N.W.2d 830 (Iowa 1994). The impact of this clarification of state law should be considered in the first instance by the district court. We therefore remand this case for further consideration in light of Walters and Van Hoff.