**IN THE COURT OF APPEALS OF IOWA**

No. 16-1785
Filed March 21, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ANTHONY DWAYNE JACKSON PACE,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Floyd County, Peter B. Newell,

District Associate Judge.


      Anthony Pace appeals from the judgment and sentence entered following

his conviction for domestic abuse assault while displaying a dangerous weapon.

**AFFIRMED.**


      Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

      Thomas J. Miller, Attorney General, and Aaron Rogers, Assistant Attorney

General, for appellee.


      Heard by Danilson, C.J., and Vaitheswaran, Doyle, Tabor, and McDonald,

JJ.

**DOYLE, Judge.**

Anthony Pace appeals from the judgment and sentence entered following his conviction for domestic abuse assault while displaying a dangerous weapon. He alleges his constitutional rights were violated when the State introduced into evidence statements by a nontestifying child. He also contends the court erred in finding he had the ability to pay room and board reimbursements without knowing the amount of those fees. Finally, Pace contends he is entitled to a new trial based on newly discovered evidence.

**I. Background Facts and Proceedings.**

Law enforcement officers responded to the home Pace shared with S.C. after receiving a report that Pace threatened to shoot S.C. Approximately one minute after the police entered the apartment, S.C.'s four-year-old child volunteered that Pace "was trying to kill [his] mom." Pace denied any wrongdoing. S.C. initially denied that Pace had threatened or tried to kill her but later gave a different account, stating that Pace had threatened her with a gun. The State charged Pace with domestic abuse assault while displaying a dangerous weapon.

Given Pace's and S.C.'s differing accounts and the change in S.C.'s account of what occurred, the statements made by S.C.'s child became of central importance to the prosecution. Anticipating the State would try to enter the child's statements into evidence without calling the child to testify, Pace filed a motion in limine alleging that the child's statements violated his right to confrontation, constituted hearsay that did not fall within an exception to the hearsay rule, and were irrelevant, and the danger of unfair prejudice substantially outweighed any limited relevance. The prosecutor argued the statements fell within the "present

sense impression" exception to the hearsay rule. The court deferred ruling on Pace's objections until the evidence was introduced at trial.

At trial, both S.C. and Pace testified and gave conflicting accounts of what occurred on the day in question, and the prosecutor introduced the child's statements through witness testimony. During S.C.'s testimony, Pace's counsel objected to testimony concerning the child's statements, citing both the Confrontation Clause and the hearsay rule; the court overruled the objection. During the testimony of three other witnesses regarding the child's statements, Pace's counsel failed to reference the Confrontation Clause as grounds for the objection.

At the close of trial, the jury found Pace guilty as charged. The court sentenced Pace to 365 days in jail with credit for time served. It ordered Pace to pay all financial obligations contained in the judgment and sentence in installments of at least $50 every thirty days until paid in full.

Five months after Pace was sentenced, he filed a motion for new trial, alleging the discovery of new evidence in the form of a Facebook post made by S.C., stating that she had lied about Pace threatening her. Following a hearing, the district court denied the motion.

**II. Right to Confrontation.**

On appeal, Pace first challenges the district court's ruling allowing testimony concerning statements made by S.C.'s child when law enforcement responded to Pace's home on the day in question. Pace contends the evidence violated his right to confrontation under both the Federal and Iowa Constitutions.

The State argues Pace failed to preserve error on his confrontation claim. It is a fundamental doctrine of appellate review that a defendant must raise an objection and receive a ruling on it in the district court before challenging that ruling on appeal. *See State v. Jenz*, 853 N.W.2d 257, 262 (Iowa 2013). Pace filed a motion in limine seeking to exclude testimony concerning the child's statements on confrontation grounds, but the district court delayed ruling in order to decide it within the context of the testimony received at trial. At trial, Pace's counsel did make an objection on Confrontation Clause and hearsay grounds to testimony concerning the child's statements to law enforcement during S.C.'s direct examination, but only raised a hearsay objection when three other witnesses were asked about the child's statements. In the event that error was not preserved, Pace argues that we consider his confrontation claims under and ineffective-assistance-of-counsel rubric. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011) ("Ineffective-assistance claims are an exception to our normal rules of error preservation.").

Assuming without deciding that error was preserved, Pace's confrontation claim is without merit. A defendant's right to confrontation concerns only testimonial statements. *See Ohio v. Clark*, 135 S. Ct. 2173, 2180 (2015).

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id.* at 2179-80 (citation omitted). The circumstances surrounding the child's statements are more akin to those made to law enforcement in the course of an ongoing emergency. We also note the child was four years old at the time the statements were made.

> Statements by very young children will rarely, if ever, implicate the Confrontation Clause. Few preschool students understand the details of our criminal justice system. Rather, "[r]esearch on children's understanding of the legal system finds that" young children "have little understanding of prosecution." . . . Thus, it is extremely unlikely that a 3-year-old child in L.P.'s position would intend his statements to be a substitute for trial testimony. On the contrary, a young child in these circumstances would simply want the abuse to end, would want to protect other victims, or would have no discernible purpose at all.

*Id.* at 2182 (citation omitted). Pace's confrontation rights were not implicated under these circumstances. We decline Pace's invitation to apply a different analysis under the Iowa Constitution. *See State v. Kennedy*, 846 N.W.2d 517, 522 (Iowa 2014) (declining to interpret article I, section 10 of the Iowa Constitution differently than the Confrontation Clause of the United States Constitution where the defendant failed to propose a specific test to be applied under the Iowa Constitution).

### III. Ability to Pay Restitution.

The judgment and sentence entered following Pace's conviction states in part:

> **Jail Fees.** In compliance with Iowa Code Section 356.7, the Defendant shall pay the county fees as later assessed for the room and board provided to the defendant while in the custody of the sheriff pursuant to an order entered in this case. The actual amount assessed will be as set forth in the Room and Board Reimbursement Claim filed with the clerk by the sheriff. The amount assessed shall have the force and effect of a judgment for purposes of enforcement. The court has determined the Defendant is reasonably able to pay

pursuant to Iowa Code § 910.2. Arrangements shall be made to pay these fees within 30 days of this order.

Pace argues the district court erred in finding he had the ability to pay room and board reimbursement fees without knowing the amount of those fees.

The State contends this issue is not ripe for our review because the amount of jail costs has not yet been assessed. However, when the plan of restitution and restitution plan of payment are part of a sentencing order, a defendant has the right to directly appeal that order. *See State v. Kurtz*, 878 N.W.2d 469, 472 (Iowa Ct. App. 2016); *see also State v. Tanner*, No. 14–1963, 2016 WL 4384468, at *5 (Iowa Ct. App. Aug. 17, 2016). In addition, because the sentencing court made a finding in its written order that Pace was reasonably able to pay the jail fees, it is "incorporated in the sentence," and we may review it on appeal. *See id.*; *State v. Campbell*, No. 15–1181, 2016 WL 4543763, at *3 (Iowa Ct. App. Aug. 31, 2016).

Iowa Code section 910.2(1) (2016) states:

> In all criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities, to the clerk of court for fines, penalties, surcharges, and, to the extent that the offender is reasonably able to pay, for . . . court costs including correctional fees approved pursuant to section 356.7 . . . .

"Constitutionally, a court must determine a criminal defendant's ability to pay before entering an order requiring such defendant to pay criminal restitution pursuant to Iowa Code section 910.2." *Goodrich v. State*, 608 N.W.2d 774, 776 (Iowa 2000). "A defendant who seeks to upset a restitution order, however, has the burden to demonstrate either the failure of the court to exercise discretion or an abuse of that discretion." *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987).

Here, the court determined Pace was able to pay the jail fees without knowing what the amount of those costs were. The court abused its discretion in so doing. Therefore, we vacate that portion of the sentence and remand for a determination of Pace's ability to pay.

### IV. Motion for New Trial.

Finally, Pace contends the trial court erred in denying his motion for new trial, which was based on newly discovered evidence. Specifically, he claims that he is entitled to a new trial because a Facebook post made by S.C. approximately eight months after trial exonerates him. In the post, S.C. allegedly stated she had lied about Pace threatening her on March 18, 2016.

The court may grant a defendant a new trial if "the defendant has discovered important and material evidence in the defendant's favor since the verdict, which the defendant could not with reasonable diligence have discovered and produced at the trial." Iowa R. Crim. P. 2.24(8). A defendant alleging the discovery of new evidence in support of a new trial "must produce at the hearing, in support thereof, the affidavits or testimony of the witnesses by whom such evidence is expected to be given." *Id.*

At the hearing on the motion for new trial, the only evidence provided was a photograph of the Facebook post in question and Pace's testimony concerning what the photograph purported to be. In denying the motion, the court found persuasive a number of arguments presented by the State. Among those arguments was the fact that Pace was unable to prove that the Facebook account in question belonged to S.C., that S.C. actually made the post, or that the

circumstances under which the post was made, noting it could have been made under threat or intimidation.

We review the district court's ruling on a motion for new trial based on newly discovered evidence for an abuse of discretion. *See State v. Compiano*, 154 N.W.2d 845, 489 (Iowa 1967). "The trial court is generally in a better position than we to determine whether evidence, newly discovered, would probably lead to a different verdict upon retrial, and we have often said we will not interfere with its ruling unless it is reasonably clear that such discretion was abused." *Id.* "It is important to distinguish between the unavoidable, legitimate claims and those proposed in desperation by a disappointed litigant. From its closer vantage point the presiding trial court has a clearer view of this crucial question, and we generally yield to its determination." *State v. Miles*, 490 N.W.2d 798, 799 (Iowa 1992).

Pace is unable to show the district court abused its discretion in overruling his motion for new trial based on newly discovered evidence. Recantation evidence is viewed with the "utmost suspicion," *Jones v. State*, 475 N.W.2d 265, 275 (Iowa 1991), and the district court cited ample reasons to discredit Pace's claim that the evidence probably would have changed the result of trial. Considering the evidence presented at trial, including the evidence that S.C. had changed her initial version of events, the evidence presented does not meet the required showing of a probability that it would have changed the result of trial. *See State v. Smith*, 573 N.W.2d 14, 21 (Iowa 1997). Accordingly, we affirm.

**AFFIRMED.**