# IN THE COURT OF APPEALS OF IOWA

No. 18-0267
Filed December 19, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ISAIAH MONTELL FOREST,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Timothy J. Finn, Judge.

Isaiah Forest appeals his sentences for two counts of second-degree robbery. **SENTENCES VACATED IN PART AND REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Pursuant to a plea agreement, Isaiah Forest pled guilty to two counts of second-degree robbery. The court accepted the plea. At the sentencing hearing, the court approved the terms of the plea agreement and announced the sentence on each count as follows: an indeterminate term of incarceration not to exceed ten years with a mandatory minimum of five years, a fine of $1000 plus a 35% surcharge, and $138 in restitution. In its sentencing order, the court also ordered Forest to pay a $125 law-enforcement-initiative surcharge, court costs, and court-appointed attorney fees in each case. The court directed defense counsel to file a statement of legal services he had provided to Forest. The order provided: "All costs, surcharges, fees, and restitution are due immediately and shall be considered delinquent if not paid within 30 days of today's date." In a subsequent nunc pro tunc order, the court clarified that the terms of incarceration were to run concurrently.

In his appeal, Forest first challenges the applicability of the law-enforcement-initiative surcharge provided in Iowa Code section 911.3 (2017). The State concedes and we agree the offenses to which Forest pled guilty are not subject to the law-enforcement-initiative surcharge. We therefore vacate that provision of each sentence.

Forest also challenges the written sentencing order provisions in each case that require him to pay court costs and court-appointed attorney fees. He complains the addition of those costs violated the sentences announced by the court at the hearing, and they should be removed. Alternatively, Forest argues the court assessed these restitution items without determining his ability to pay.

"[B]efore ordering payment for court-appointed attorney fees and court costs, the court must consider the defendant's ability to pay. 'A defendant who seeks to upset a restitution order, however, has the burden to demonstrate either the failure of the court to exercise discretion or an abuse of that discretion.'" *State v. Kurtz*, 878 N.W.2d 469, 473 (Iowa Ct. App. 2016) (quoting *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987)). As in *Kurtz*, "there is no indication in the district court's sentencing order that it considered [Forest's] ability to pay" and without knowing the amount of the court-appointed attorney fees, the court could not have made an informed determination of Forest's reasonable ability to pay. *Id.* Nonetheless, the court ordered both a plan of restitution—though the exact amount of the attorney fees was not yet available—and a restitution plan of payment. *See id.* at 472. Because the court proceeded to enter a restitution plan of payment as a part of the sentencing order, Forest has the right to appeal. *Id.* Further, we find the trial court abused its discretion by entering the restitution plan of payment without first determining the amount of attorney fees to be assessed and determining Forest's reasonable ability to pay. *Id.* at 472–73.

We vacate the law-enforcement-initiative surcharge and vacate the portion of the sentencing order that ordered restitution for court costs and court-appointed attorney fees. We remand for a determination of the amount of the attorney fees and Forest's reasonable ability to pay.

**SENTENCES VACATED IN PART AND REMANDED WITH DIRECTIONS.**