# IN THE COURT OF APPEALS OF IOWA

No. 17-0326
Filed March 6, 2019

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**RONALD DICKEY MASON,**
 Defendant-Appellant.

_____

 Appeal from the Iowa District Court for Polk County, Peter A. Keller, Judge.


 Ronald Dickey Mason appeals following a hearing on his restitution.

**AFFIRMED.**


 Ronald D. Mason, Newton, pro se appellant.

 Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


 Considered by Tabor, P.J., Bower, J., and Carr, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Ronald Dickey Mason appeals following a hearing on his restitution. He contends the district court erred in refusing to reduce the amount of restitution. We review his claim for errors of law. *See State v. Shears*, 920 N.W.2d 527, 530 (Iowa 2018).

In 2002, Mason pled guilty to one charge of conspiracy to manufacture a controlled substance as a second or subsequent offender and was sentenced to a prison term not to exceed forty years. Upon Mason's transfer to prison one week after sentencing, the Polk County Sheriff filed for reimbursement of fees for Mason's room and board pending his sentencing, which totaled $7009.50. On January 17, 2003, the district court entered a plan of restitution ordering Mason to pay $135 in surcharges and $7224.80 in court costs, which included the sheriff's room-and-board fees. The restitution plan of payment required Mason to pay restitution in installments "of 20 percent of all institutional account credits."

In 2016, Mason filed a request for a restitution hearing. He sought to have the sheriff's fees for room and board removed from his restitution plan because the district court did not order him to pay the fee at his original sentencing. He also alleged the Iowa Department of Corrections improperly withheld monies from his institutional account and sought to have his fines and restitution suspended due to his financial status. Following a January 2017 hearing, the district court entered an order denying Mason his requested relief.

On appeal, Mason first contends the district court erred in determining the sheriff's fees for room and board were assessed in accordance with the law. Although he concedes that Iowa Code section 356.7 (2001) allows the county

sheriff to charge a person convicted of a criminal offense for room and board provided while in custody, he argues section 910.3 requires that these costs must be submitted to the court at the time of sentencing. Because the charges were submitted after Mason was sentenced and the original sentencing order did not include restitution for room and board charges, he claims the district court improperly assessed him for the charges.

Section 910.3 requires the clerk of court to prepare a statement of costs, including correctional fees claimed by a sheriff pursuant to section 356.7, to be "submitted to the court at the time of sentencing." However, it also provides that

> [i]f the full amount of restitution cannot be determined at the time of sentencing, the court shall issue a temporary order determining a reasonable amount for restitution identified up to that time. At a later date as determined by the court, the court shall issue a permanent, supplemental order, setting the full amount of restitution.

Iowa Code § 910.3. Our supreme court has held that the time frames provided in section 910.3 are "merely directory and not mandatory." *State v. Blakely*, 534 N.W.2d 645, 648 (Iowa 1995). "Courts are permitted under section 910.3 to delay entry of judgment for restitution when, for good cause, restitutionary sums are not ascertainable at the time of sentencing." *State v. Blank*, 570 N.W.2d 924, 926 (Iowa 1997). Because the room-and-board charges were not made available to the court at the time of sentencing, it properly ordered Mason to pay the charges in a supplemental order. Our conclusion on this point is fortified by Mason's nearly fourteen years of acquiescence in multiple restitution plans and restitution plans of payment, all of which included the now-contested correctional fees.

Mason next contends that the district court erred in determining the restitution could be paid in installments with 20% of the funds from his inmate

account. Although he argues that only his prison pay can be deducted for restitution, not other funds, our supreme court has rejected this claim. *See State v. Van Hoff*, 528 N.W.2d 99, 100 (Iowa 1995) ("Implicit in our *Walters* decision was our rejection of the claim . . . that only deductions from prison allowances are permitted by statute."); *Walters v. Grossheim*, 525 N.W.2d 830, 833 (Iowa 1994).

Finally, Mason argues he is entitled to a reduction in the total amount of restitution he is to pay because it creates a financial hardship for him and will continue to do so in the future. He cites the length of his prison sentence and the amount of fixed income he will receive upon release in relation to the cost of living. However, in cases of long-term incarceration, an offender's reasonable ability to pay is appropriately determined based on the offender's ability to pay current installments, not on the offender's ability to pay the total amount due. *See State v. Van Hoff*, 415 N.W.2d 647, 649 (Iowa 1987).

Mason has failed to demonstrate he lacks the reasonable ability to pay his current restitution installments. If circumstances change, Mason may apply for a change in the plan of payment. *See* Iowa Code § 910.7. However, the court cannot consider the impact of possible future events on an offender's ability to pay the full restitution amount. *See Van Hoff*, 415 N.W.2d at 649 (stating future events that may affect an offender's ability to pay "are imponderables at the time of the restitution order").

The district court properly denied Mason's requested relief following the restitution hearing. Accordingly, we affirm.

**AFFIRMED.**