# IN THE COURT OF APPEALS OF IOWA

No. 18-2120
Filed November 27, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER MICHAEL PATE,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Lucas County, Patrick W. Greenwood, Judge.


        Christopher Pate appeals the order of the district court denying reconsideration of the district court's order for restitution and reimbursement in the amount of $26,861.26.  **AFFIRMED.**


        John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.


        Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

Christopher Pate pled guilty to third-degree sexual abuse and was sentenced to a prison term not exceeding ten years. *See* Iowa Code §§ 709.1(3), 702.17, 709.4(1)(b)(2), 709.4(2) (2017). The State applied for restitution and reimbursement of $25,980 in room and board costs and $881.26 in medical services costs, for a total of $26,861.26. The district court granted the application and entered judgment against Pate in that amount.

Pate moved to reconsider the room-and-board assessment. He cited statutory authority requiring an evaluation of his reasonable ability to pay, and he asserted he lacked that ability. Pate pointed to the court's appointment of counsel for him based on his indigent status and his present incarceration, his limited prison wages of $0.36 per hour for a twenty-hour work week,[1] and the potential barriers to employment on his release given his "sex-offender status." Following a hearing, the district court concluded Pate had "the reasonable ability to pay $26,861.26 as part of the plan of restitution." The court denied the reconsideration motion.

On appeal, Pate argues the district court abused its discretion in determining he had the reasonable ability to pay $26,861.26. He asserts, "It is time for Iowa appellate courts to flesh out the meaning of 'undue hardship' as it is used in the recent case of *State v. Albright*, [925 N.W.2d 144, 161–62 (Iowa 2019)]."

---

[1] Although in Pate's initial motion for reconsideration, Pate claimed his wages were $0.36 per hour, the district court subsequently made the finding that Pate's wages were $0.46 per hour. Because there is no contrary evidence in the record and because Pate does not dispute the district court's finding of $0.46, we will make our determination based on the $0.46 per hour figure.

Iowa Code section 910.2 authorizes restitution as follows:

> 1. a. In all criminal cases in which there is a plea of guilty . . . upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender . . . to the extent that the offender is reasonably able to pay, for the following:
>
> . . . .
>
> (3) Court costs including correctional fees approved pursuant to section 356.7 [authorizing charges "for room and board provided to the prisoner while in the custody of the county sheriff or municipality and for any medical aid provided to the prisoner…"]
>
> . . . .

The statute predicates payment of correctional fees, including room and board, on an offender's reasonable ability to pay those fees. *See Albright*, 925 N.W.2d at 159 ("The court can only order restitution for [the items listed above] to the extent the offender has the reasonable ability to pay."). "The inclusion of the reasonable-ability-to-pay requirement makes these restitution provisions constitutional." *Id.* at 161 (citing *State v. Haines*, 360 N.W.2d 791, 793–94 (Iowa 1985)).

As Pate asserts, a defendant has the reasonable ability to pay when he or she can do so "without hardship." *Id.* (quoting *Fuller v. Oregon*, 417 U.S. 40, 53–54 (1974). Specifically, "a court should not order payment of restitution unless the convicted person 'is or will be able to pay it without undue hardship to himself or dependents, considering the financial resources of the defendant and the nature of the burden payment will impose.'" *Id.* (quoting *State v. Rogers*, 251 N.W.2d 239, 245 (Iowa 1977)). A court should consider an offender's financial resources and obligations, the amount necessary to meet the offender's basic human needs, hardships the offender or his or her family will endure if repayment is required, and

the present and potential future financial needs and earning ability of the offender.

*Id.* at 161–62.

The district court did not have the benefit of *Albright*. Nonetheless, the court presciently considered the cited factors. The court made the following pertinent findings:

> (1) on March 12, 2018, Defendant was sentenced to ten years in prison for Sexual Abuse in the Third Degree; (2) Defendant's anticipated date of discharge from prison is unknown; (3) Defendant's term of incarceration may be reduced by as much as one-half for good conduct; (4) Defendant may be eligible for parole earlier than ten years; (5) Defendant graduated from high school and has one and one-half years of electronics training and one and one-half years of clinical psychology course work; (6) at the time of his arrest herein, Defendant had been employed for four years as a factory worker earning $16 per hour; (7) Defendant lost his most recent employment upon arrest; (8) Defendant owns no assets; (9) Defendant is 41 years old and in good health; (10) Defendant is unmarried; (11) Defendant has children but the ages of the children are unknown to the Court; (12) Defendant's Financial Affidavit /Application for Appointment of Counsel indicated no monthly obligation for debts, including child support; (13) the Court ordered Defendant to reimburse the Lucas County Sheriff's Office for room and board and medical services and products in the amount of $26,861.26; and, (14) Defendant currently earns approximately 46 cents per hour during a 20 hour work week.

Based on these findings, the court concluded:

> Defendant is neither aged nor unable to earn income. Indeed, Defendant has the proven skill and ability to earn as much as $16 per hour. Other than the financial obligation herein and restitution, Defendant has no debts and no living expenses. Although Defendant's present income is low, he made no argument that he is currently unable to pay a restitution plan of payment with his prison wages. Because Defendant faces ten years or less in prison, it is almost certain that his wages will vary from time to time. It is possible Defendant could receive money or assets from a source other than wages. "These and other future events, all of which would bear on his ability to pay the full amount, are imponderables at the time of the restitution order."

(quoting *State v. Van Hoff*, 415 N.W.2d 647, 649 (Iowa 1987)).

*Van Hoff* does indeed support the court's conclusion. There, an offender imprisoned for life and earning approximately $80 per month in prison wages, was ordered to pay twenty percent of his earnings toward his restitution obligation of $16,500. *Van Hoff*, 415 N.W.2d at 648. The offender argued $16,500 was unreasonable on its face because it would take him ninety-two years to pay the amount off at his current level of income. *See id.* The supreme court disagreed, stating his reasonable ability to pay restitution was not "necessarily determined by his ability to pay it in full during the period of his incarceration, . . . although that might be one of the factors to be considered." *Id.* at 649. Instead, the court said, "A determination of reasonableness, especially in a case of long-term incarceration, is more appropriately based on the inmate's ability to pay the current installments." *Id.* Because the offender did not claim to have other financial obligations, his living expenses were paid by the State, and he did not argue that "he [was] unable to pay twenty percent of his prison wages toward the restitution order," the court upheld the total restitution amount of $16,500. *Id.* The court noted that, if circumstances changed, either the offender or the State could apply to modify the restitution obligation. *Id.*

A decade later, the court reaffirmed that "[t]he focus is not on whether a defendant has the ability to pay the entire amount of restitution due but on his ability to pay the current installments." *State v. Blank*, 570 N.W.2d 924, 927 (Iowa 1997); *see also State v. Wagner*, 484 N.W.2d 212, 219 (Iowa Ct. App. 1992) ("[T]he focus on this issue should be whether the defendant has the ability to pay the current installment, not whether he can pay the entire restitutionary amounts.").

Even an offender with "meager" earnings of "$7.20 per month" was found to have the ability to pay twenty-five percent of those earnings toward restitution. *Wagner*, 484 N.W.2d at 219; *see State v. Hartsfield*, No. 04-0103, 2006 WL 3314525, at *1 (Iowa Ct. App. Nov. 16, 2006) (affirming order to withhold a minimum of $1.00 and a maximum of twenty percent of an inmate's income of $7.70 per month toward a $22,103.26 restitution obligation, and noting that the offender's income could rise to between $60 and $100 per month if the inmate obtained prison employment); *see also Clark v. State*, No. 15-1280, 2017 WL 2461410, at *3 (Iowa Ct. App. June 7, 2017) (concluding the district court did not abuse its discretion in determining an offender had the reasonable ability to pay restitution where orders "only required restitution to be paid from twenty percent of Clark's institutional account credits" and Clark "paid the restitution as ordered without objection for nearly fifteen years"); *cf. State v. Runner*, No. 18-0939, 2019 WL 1941544, at *2 (Iowa Ct. App. May 1, 2019) (noting district court's finding that offender had no reasonable ability to pay at least $29,280 in room-and-board fees).

Pate does not argue he was unable to make installment payments towards his restitution obligation. He simply asserts the total amount of the obligation was unreasonable in light of his financial circumstances. This court rejected a similar concern in *Wagner*. We stated, "Realistically, in all likelihood, this restitution will never be paid. This, however, does not excuse him from making constitutionally-permissible monthly payments on his debt." *Wagner*, 484 N.W.2d at 220. The same holds true here. The district court did not abuse its discretion in determining Pate had the reasonable ability to pay $26,861.26.

**AFFIRMED.**