**STATE of Iowa, Appellee,**

v.

**Pete M. ALSPACH, Appellant.**

**No. 95–647.**

Supreme Court of Iowa.

Oct. 23, 1996.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, and Lee E. Poppen, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

The question is whether a defendant is entitled to appointment of counsel at a restitution hearing. The defendant, Pete Alspach, contends that a restitution hearing is a critical stage of the criminal proceedings which, by statute, entitles him to the assistance of counsel. The State disagrees. We conclude that a defendant is entitled to court-appointed counsel when challenging restitution as a part of the original sentencing order, or supplemental orders, issued under Iowa Code section 910.3.

In June 1993, following a bench trial, Alspach was found guilty of first-degree kidnapping in violation of Iowa Code section 710.2 (1993). The district court sentenced Alspach to a mandatory life term in prison. In its sentencing order, the court noted that victim restitution and attorney fees would be assessed pursuant to a supplemental order when they became known.

In August 1993, the State filed a statement of pecuniary damages pursuant to Iowa Code section 910.3. In a supplemental order, the district court ordered Alspach to pay $1900.45 in victim restitution. In December 1993, the court issued another supplemental order assessing Alspach $2030 in attorney fees and $1817.77 in court costs.

On August 29, 1994, Alspach filed a pro se motion seeking an order to enjoin the collection of the above-outlined fees from his prison account. Alspach requested court-appointed counsel to represent him at a restitution hearing. In an amendment to his petition, he also alleged the amount of victim restitution imposed lacked a causal connection to the crime and that any insurance offset was not considered. The district court ruled the amount of restitution was a civil matter and Alspach was therefore not entitled to appointment of counsel. The court, however, did schedule a restitution hearing which it later canceled.

Meanwhile, we affirmed Alspach's conviction in *State v. Alspach*, 524 N.W.2d 665 (Iowa 1994). He subsequently renewed his request for a hearing on his restitution plan. A hearing was held on February 20, 1995. Alspach appeared pro se. The district court denied his restitution challenge, holding the sentencing court properly ordered restitution pursuant to section 910.3. Alspach has appealed.

 I. To the extent Alspach's challenge to the district court's order denying appointment of counsel rests on statutory rights, our scope of review is for the correction of errors at law. *State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). We review his constitutional challenges to the district court's ruling de novo based on the totality of the circumstances. *Polly v. State*, 355 N.W.2d 849, 854 (Iowa 1984).

 II. Whether a restitution hearing is such a critical stage of the sentencing proceedings that it triggers an indigent's right to court-appointed counsel is a question of first impression. Iowa rules of criminal procedure provide an expansive view of a defendant's right to court-appointed counsel.

Iowa Rule of Criminal Procedure 26(1) states:

> Every defendant who is an indigent person as defined in Iowa Code section 815.9, is entitled to have counsel appointed to represent the defendant *at every stage* of the proceedings from the defendant's initial appearance before the magistrate or the court through appeal, including probation and parole revocation hearings, unless the defendant waives such appointment.

(Emphasis added.)

Iowa Code section 815.10(1) further provides:

> The court, for cause and upon its own motion or upon application by an indigent person or a public defender, shall appoint the state public defender or the state public defender's designee pursuant to section 13B.4, or an attorney pursuant to section 13B.9 to represent an indigent person *at any stage* of the criminal or juvenile proceedings or on appeal of any criminal or juvenile action in which the indigent person is entitled to legal assistance at public expense.

(Emphasis added.)

We have recognized that the right to counsel extends to the sentencing proceedings, *State v. Cole*, 168 N.W.2d 37, 39 (Iowa 1969), and acknowledged that restitution is a phase of sentencing. *State v. Mayberry*, 415 N.W.2d 644, 647 (Iowa 1987); *see also State v. Wagner*, 484 N.W.2d 212, 217 (Iowa App. 1992).

The United States Supreme Court has likewise held that sentencing procedures are a critical stage of the criminal proceeding and that an indigent defendant has the right to court-appointed counsel. *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1205, 51 L.Ed.2d 393, 402 (1977). Yet the State insists that an indigent's right to court-appointed counsel arises "only when, if he loses, he may be deprived of his physical liberty." *See Lassiter v. Department of Social Services*, 452 U.S. 18, 24, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640, 648–49 (1981). Our rules make no such distinction.

In determining whether a restitution hearing is a critical stage of the criminal proceed-

ings requiring assistance of counsel, we must first examine the nature of restitution. Iowa Code section 910.1(3) defines restitution as the payment of pecuniary damages pursuant to a restitution plan set forth by the sentencing court. Included in the definition of restitution are fines, penalties, payments to victim's compensation funds, court costs, and court-appointed attorney fees. Restitution orders imposed as part of the original criminal proceedings focus on the State's interest in rehabilitation and punishment.

Alspach has consistently maintained that the amount of restitution imposed as part of his sentence was excessive, that he did not have an ability to pay, and that he required court-appointed counsel to effectively present these arguments. If restitution had been finalized at the time of sentencing, he would have had benefit of counsel to advance these challenges. Yet the State is authorized by section 910.3 to compile a statement of further damages *after* sentencing. The defendant, at this later date, should not be denied counsel simply because the amount of pecuniary damages was unavailable on the day of sentencing. If the State's reasoning were adopted, the mere fortuity of whether restitution figures were available at sentencing would determine an indigent defendant's right to appointed counsel on restitution issues.

■ We do not mean to suggest by this opinion that a defendant is entitled under all circumstances to court-appointed counsel when challenging restitution orders. Our ruling is limited to challenges to restitution imposed as part of the original sentencing order, or supplemental orders, under Iowa Code section 910.3. When, pursuant to Iowa Code section 910.7, a later action is initiated to modify the plan or extend its completion date, the suit is civil in nature and not part of the criminal proceedings. The offender would ordinarily have no right to appointed counsel under such circumstances.

We therefore reverse the district court's order and remand with directions that a restitution hearing be held and that Alspach be

appointed counsel. Based on our holding, all other issues raised by Alspach are moot.

**REVERSED AND REMANDED.**