# IN THE COURT OF APPEALS OF IOWA

No. 13-1689
Filed December 24, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**THOMAS HENDRICKSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison (plea and sentencing), Christopher L. McDonald (probation revocation), and Douglas F. Staskal (motion to correct illegal sentence), Judges.

A defendant appeals from the district court ruling denying his pro se motion to correct an illegal sentence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, John P. Sarcone, County Attorney, and Nan M. Horvat, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., Tabor, J., and Goodhue, S.J.* McDonald, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Thomas Hendrickson appeals from the district court ruling denying his pro se motion to correct an illegal sentence.

## I. Background Facts and Proceedings

On July 28, 2011, a trial information was filed charging Hendrickson with sexual abuse in the third degree by engaging in sex with a fifteen-year-old female. Hendrickson was twenty-seven years old at the time and not married to the female. He entered a plea of guilty on October 7, 2011. He was given a ten-year sentence, but the sentence was suspended and he was placed on probation for five years. A no-contact order was entered prohibiting him from having contact with any person under eighteen years of age. He was also sentenced to lifetime supervision by the department of corrections as provided by Iowa Code section 903B.1 (2011).

Hendrickson violated the terms and conditions of his probation agreement, and on April 9, 2012, his probation was continued but made subject to placement in the Fort Des Moines Residential Correctional Facility. Another report of violation was filed, and on February 4, 2013, the district court revoked his probation and imposed the original sentence.

On August 23, 2013, Hendrickson filed a pro se motion for correction of an illegal sentence, challenging the section 903B.1 lifetime special sentence as an illegal sentence in violation of the state and federal constitutions' prohibition on cruel and unusual punishment, as well as the constitutional prohibitions against double jeopardy. On October 14, 2013, an unreported hearing was held on the

motion. Hendrickson participated telephonically and without counsel. The district court overruled the motion.

Hendrickson has appealed. He made no request for court-appointed counsel until sometime after the appeal had been filed. Counsel was appointed on February 18, 2014. On appeal, Hendrickson contends that absent a waiver, the court erred in failing to appoint counsel prior to the October 14, 2013 hearing. He further contends the lifetime special sentence is grossly disproportionate to the crime committed and violates the cruel and unusual punishment prohibitions of the United States and Iowa Constitutions, and that the no-contact order prohibiting him from having contact with persons under eighteen years of age is an illegal order.

## II. Error Preservation

To the extent that Hendrickson is attacking the legality of his sentence, he is not required to preserve error. *See State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994). The State points out that Hendrickson never requested counsel, therefore no ruling was made and it necessarily follows that error has not been preserved as to the right to counsel issue. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (holding issues must ordinarily be decided by the district court before being decided on appeal). The State's argument begs the underlying question of whether Hendrickson had a constitutional right to counsel. If he had a constitutional right to counsel, the right to counsel existed until it was expressly waived. *State v. Rater*, 568 N.W.2d 655, 658 (Iowa 1997). To waive one's constitutional right to counsel and represent himself or herself, a party must knowingly, intelligently, voluntarily, and unequivocally waive that right and

affirmatively set out his intention to represent himself. *Id.* If the constitutional right existed here, there is no record of the required waiver.

### III. Standard of Review

A claim implicating a constitutional right to counsel is reviewed de novo. *State v. Lyman*, 776 N.W.2d 865, 873 (Iowa 2010). Constitutional challenges to an allegedly illegal sentence are reviewed de novo. *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013). If the right to counsel is statutory as opposed to constitutional, our review is for errors of law. *Id.*

### IV. Discussion

Hendrickson contends that a motion to correct a sentence is a critical stage of the trial proceeding and therefore he has a constitutional right to counsel. In considering the constitutional right to counsel, our supreme court has noted that "the right to appointed counsel for a convicted criminal extends only to the first appeal of right." *Fuhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988). The constitutional right to counsel does not apply to collateral issues that long ago became final. *Id.* Hendrickson did not file his motion to correct his sentence until after the time to file an appeal had lapsed. Hendrickson's requested relief was made under Iowa Rule of Criminal Procedure 22.4(1). In *Fuhrmann*, the requested relief was made using our postconviction-relief procedure, *id.* at 721-22, but there is no reason to differentiate the application of one's constitutional right to counsel based on the procedure used to request the relief sought.

Hendrickson contends that the right to counsel as expressed in the Iowa Constitution should be interpreted more expansively than the right to counsel under the United States Constitution. The *Fuhrmann* court did not do so. *Id.* at

722. Further, Hendrickson does little more than cite the language of the Iowa Constitution. We do not interpret a provision of our state constitution differently than the United States Constitution on a mere citation of the applicable state constitution provision. *State v. Effler*, 769 N.W.2d 880, 895 (Iowa 2009) (Appel, J., dissenting). Furthermore, making an argument in a reply brief for the first time is not timely. *See Sun Valley Iowa Lakes Ass'n v. Anderson*, 551 N.W.2d 621, 642 (Iowa 1996).

Even if Hendrickson did have a statutory right to counsel the statutory right requires either the court to exercise its discretionary right to appoint counsel on its own motion, or the defendant or someone on his behalf to make such a request. Iowa Code § 815.10 (2011). The need for some action to be taken before the appointment of counsel is required is in contrast to the constitutional right, when the right to counsel attaches immediately and without request. *See Hannon v. State*, 732 N.W.2d 45, 52 (Iowa 2007). As the trial court noted, Hendrickson made no request for counsel and the court did not appoint counsel on its own motion. The statutory right to counsel was not invoked until the appellate level had been reached.

Hendrickson relies on *State v. Alspach*, 554 N.W.2d 882, 883 (Iowa 1996), for his contention that a motion to correct a sentence is a critical stage of the criminal proceeding and therefore the right to counsel continued until his motion was heard. *Alspach* is a restitution case and can be differentiated from the case at hand. 554 N.W.2d at 883. The restitution sentencing provision of the order had been left open in *Alspach* until the amount of restitution had been determined. *Id.* at 882-883. In Hendrickson's case, the application of section

903B.1 was immediately included in the sentencing order. Furthermore, in the *Alspach* case a request for counsel was made, which invoked the statutory right. *Id.* at 882. Again, Hendrickson made no such request until the appellate level was reached.

Hendrickson contends that the lifetime special sentence under section 903B.1 is grossly disproportionate to the crime committed and is therefore cruel and unusual punishment. In a matter substantially similar to Hendrickson's situation, it was determined that the issue of whether the lifetime parole provisions of Iowa Code section 903B.1 constitute cruel and unusual punishment was not ripe for adjudication. *State v. Tripp*, 776 N.W.2d 855, 859 (Iowa 2010). Hendrickson, in effect, admits he cannot differentiate his situation from the situation existed in *Tripp* by urging that the *Tripp* case should be overruled. We decline the invitation to do so and defer to our supreme court when such requests are made.

Finally, Hendrickson contends the order entered prohibiting his contact with any persons under the age of eighteen is an unauthorized, illegal sentence. Hendrickson states he cannot tell if the injunction entered was a condition of probation or a part of the sentencing order. The State concedes it was a condition of the probation. The parties agree that if it was a condition of probation, then when Hendrickson's probation was revoked the no-contact order was no longer effective. An appeal is ordinarily considered moot when the issue it presents becomes nonexistent and its judgment is rendered with an unknown practical effect. *In re M.T.*, 625 N.W.2d 702, 704 (Iowa 2001). We generally

refrain from reviewing moot issues. *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002). We refrain from doing so in this case.

**AFFIRMED.**