# IN THE COURT OF APPEALS OF IOWA

No. 16-0314
Filed April 5, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JACK LOSEE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

A defendant appeals the district court's denial of his request for a hearing on restitution. **REVERSED AND REMANDED.**

Jack Losee, Anamosa, pro se appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Jack Losee was convicted of two counts of first-degree murder in 1983 and was sentenced to serve life in prison without the possibility of parole. *See State v. Losee*, 354 N.W.2d 239, 240 (Iowa 1984). He was also ordered to pay court cost and attorney fees to the extent he was reasonably able. In 1994, the department of corrections entered a restitution plan that provided Losee was required to pay a total of $11,344.37 in court cost and attorney fees. Losee has challenged his restitution obligation many times in the past; all challenges have been denied.

The case underlying the instant appeal began in October 2015 as a result of Losee's petition for a hearing pursuant to Iowa Code section 910.7 (2015). He asserted in the petition that the clerk of court was keeping inaccurate records of his payments on the restitution plan, a statement of costs was not submitted at the time of his sentence, and the restitution order was only valid as a judgment for twenty years so any amount collected after 2003 must be refunded to him. When the State failed to file a response to the petition, Losee moved for summary judgment on his claims. In February 2016, the district court denied Losee's petition, concluding challenges to restitution orders made more than thirty days after sentencing are civil and not criminal proceedings that must be filed under chapter 610A. Losee appeals.[1]

---

[1] The State argues on appeal that Losee did not preserve error on his claim because the record is unclear whether the district court's February 2016 order addressed Losee's initial petition or his motion for summary judgment. We conclude the court's decision addressed both the petition for a restitution hearing and the motion for summary judgment in light of the court's dismissal of Losee's action on the basis that he did not proceed under chapter 610A. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) ("If the court's ruling indicates that the court considered the issue and necessarily

Iowa Code section 910.7 permits an offender or a person who prepared the restitution plan to petition the court for a hearing "on any matter related to the plan of restitution or restitution plan of payment." Chapter 610A pertains to civil litigation brought by those who are inmates in a facility under the control of the department of corrections. *See* Iowa Code § 610A.1(1). While the supreme court has described petitions filed under section 910.7 more than thirty days after the restitution order to be civil, and not criminal, in nature, *see State v. Alpach*, 554 N.W.2d 882, 884 (Iowa 1996), the intent of that language was to clarify whether an offender is entitled to court-appointed counsel for his section 910.7 petition. *See id.* We do not construe this language to control how the petition for a restitution hearing is to be filed.

If such a construction is entertained, then offenders who are inmates in a facility under the control of the department of corrections, who wish to file a petition under section 910.7, must file a separate civil lawsuit under chapter 610A, paying the required filing fee. However offenders, who are not inmates, or persons who prepared the plan of payment may file petitions under the criminal docket without filing a separate civil lawsuit under chapter 610A. We do not think the legislature intended such disparate treatment of those who are confined to facilities under the control of the department of corrections.

---

ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved.").

The State also asserts the claims made by Losee in his petition for a restitution hearing are barred by res judicata. We decline to address this claim because the State did not assert at the district court that Losee's claims are barred by res judicata, and thus the State did not preserve error. *Id.* (noting that where an issue is not considered by the district court it is not preserved for appeal).

In addition, the purpose served by the restrictions placed on civil litigation filed by inmates under chapter 610A is not needed for petitions filed under section 910.7. *See Maghee v. Iowa Dist. Ct.*, 712 N.W.2d 687, 692 (Iowa 2006) ("[C]hapter 610A is the legislature's attempt to deter inmates and prisoners from filing frivolous lawsuits."). There is already a gatekeeping function built into section 910.7 that allows the district court to winnow out frivolous petitions for a restitution hearing without needing to resort to chapter 610A. *See* Iowa Code § 910.7(1) ("[T]he court shall grant a hearing if on the face of the petition it appears that a hearing is warranted.").

We conclude chapter 610A does not apply to petitions filed under section 910.7. Because we conclude the court erred in dismissing Losee's petition for a hearing under section 910.7 based on Losee's failure to file his petition in accordance with chapter 610A, we reverse and remand for further proceedings.[2]

**REVERSED AND REMANDED.**

---

[2] In a prior unpublished case from this court, we addressed the interplay between section 910.7 and chapter 610A. *See State v. Gilleland*, No. 10-2042, 2013 WL 1749772, at *1 (Iowa Ct. App. Apr. 24, 2013). After analyzing the statutes, the legislative intent, and the applicable case law, we determined there, as we do here, that "chapter 610A does not apply to a petition for a restitution hearing filed more than thirty days after a challenged restitution order." *Id.* at *6. The State asks us to distinguish the *Gilleland* holding because Losee has filed multiple challenges to his restitution order over the past several years that have all been denied and he should now be subject to the penalty provisions of chapter 610A to discourage future filings. *See* Iowa Code § 610A.3 (containing penalties if an inmate's civil action is dismissed as frivolous or malicious). We find no support for the State's claim that chapter 610A can be used to penalize an inmate who files multiple claims under section 910.7, and we repeat that section 910.7 already permits the district court to deny the petition for a restitution hearing if the petition does not appear on its face to warrant a hearing. *See id.* § 910.7(1).