**IN THE COURT OF APPEALS OF IOWA**

No. 16-1601
Filed July 5, 2018

**TROY DANIEL DOWELL,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.


        Troy Dowell appeals the district court's summary dismissal of his application

for postconviction relief.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.



        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Troy Dowell appeals the summary dismissal of his application for postconviction relief (PCR). He claims the district court erred in summarily dismissing his application, alleging there are genuine issues of material fact regarding the effectiveness of counsel in an earlier proceeding that require an evidentiary hearing. Alternatively, he contends his PCR counsel was ineffective in failing to amend his PCR application. We affirm.

## I.     Background Facts and Proceedings

We have previously summarized the relevant facts and circumstances of the underlying offense and early proceedings:

> Dowell, who has three children, was convicted of several crimes, including neglect of a dependent. The district court entered a sentencing no-contact order restraining Dowell from having any contact with his children. The order was to remain in effect until July 15, 2013. Meanwhile, Dowell and his wife divorced, Dowell's wife was granted sole custody of the children, and she moved to Australia.
> A day before the no-contact order was slated to expire, the State filed a motion to extend it. *See* Iowa Code § 664A.8 (2013). At a hearing on the motion, the State offered a report prepared by a psychologist who met with the children. Dowell's attorney stated he had no objection to the exhibit.
> The district court extended the no-contact order for an additional five years after concluding Dowell failed to carry his burden "to establish he no longer poses a threat to the victims."

*State v. Dowell*, No. 13-1269, 2015 WL 4158758, at *1 (Iowa Ct. App. July 9, 2015). This court affirmed Dowell's direct appeal of the extension of the no-contact order. *See id.* at *3. The Iowa Supreme Court denied further review.

Subsequently, Dowell filed a pro-se PCR application in which he claimed he received ineffective assistance of counsel in relation to the hearing on the extension of the no-contact order. He specifically complains counsel was

ineffective in allowing the psychological report concerning his children to be admitted into evidence.[1] In support of his PCR application, Dowell referenced and attached a copy of the dissenting opinion from his direct appeal of the no-contact-order extension.[2]

After Dowell was appointed counsel, the State filed a motion for summary dismissal arguing the issue of ineffective assistance of counsel at the no-contact-order-extension hearing claimed by Dowell in his pro-se application was previously raised and resolved on direct appeal and he was therefore barred from relitigating the issue. The State also argued Dowell's claims did not fall within any of the enumerated provisions of Iowa Code section 822.2(1) (2016), which concerns claims allowed in PCR proceedings, and the district court therefore lacked jurisdiction to hear the matter.

PCR counsel filed a resistance to the motion and requested an extension of time to obtain case materials and modify or amend the PCR application or prepare a more comprehensive resistance to the motion for summary dismissal. Dowell filed a pro-se resistance to the motion for summary dismissal in which he argued, among other things, that in the ruling on his direct appeal, this court declined to address the issues he was raising in his PCR application. He additionally raised the issue of ineffective assistance of appellate counsel for questioning the appointment of counsel in the no-contact-order hearing which he

---

[1] The report is not in the record before this court, but the transcript of the extension hearing reveals the report is from a therapist Dowell's ex-wife took the children to in Australia in which the therapist opines that renewed contact with Dowell would be traumatic to the children.

[2] See Dowell, 2015 WL 4158758, at *3–6 (Tabor, J., dissenting).

claims resulted in this court declining to address his ineffective-assistance-of-counsel claim. He contends he is consequently able to raise those issues in his present application.

Dowell's PCR counsel filed an additional resistance arguing the extension of a no-contact order is a critical stage of a criminal proceeding and therefore Dowell had the right to effective assistance of counsel and PCR was an appropriate forum to seek redress. Counsel also repeated Dowell's argument that the issue of the right to counsel at the no-contact-order hearing had not been litigated thus far and appellate counsel was ineffective for conceding the issue.

The district court held an unreported hearing on the motion to dismiss. The court filed a written ruling granting the State's motion for summary dismissal and finding Dowell's claims were previously considered during his direct appeal and rejected by this court. It further ruled that after Dowell's application for further review was denied by the supreme court, this court's decision became a final order, and therefore Dowell could not relitigate the same issues. The court dismissed Dowell's application. Dowell appeals this decision.

## II. Standard of Review

We review PCR proceedings for correction of errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). This includes summary dismissals of PCR applications. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). However, applications raising an ineffective-assistance-of-counsel claim present a constitutional challenge, which we review de novo. *Id.*

## III. Analysis

Because the hearing on the motion to dismiss was unreported, the record before us is limited to the State's motion, Dowell's resistances, and the court's ruling on the motion. Neither party submitted a statement of the proceedings pursuant to Iowa Rule of Appellate Procedure 6.806(1).

We first address the State's challenge to the application of chapter 822 to Dowell's claims. In its motion for summary dismissal, the State argued: "[A]s [PCR] is purely statutory, there must be a statutory basis to support his claim. This particular claim does not fall under any of the provisions of Iowa Code [section] 822.2 and therefore the trial court lacks jurisdiction to hear it." In its appellate brief, the State argues "a [PCR] proceeding is not available to challenge extension of a no-contact order under section 664A.8 [(2013)]" and "is not a proper vehicle to challenge the extension of a no-contact order under Iowa Code section 664A.8." The State recites section 822.2 (2016) in support of its position.

As the Iowa Supreme Court explained in *Franklin v. State*, there is a difference between "subject matter jurisdiction" and "authority" to hear a particular case. 905 N.W.2d 170, 171 (Iowa 2017).

> "Subject matter jurisdiction" refers to the power of a court to deal with a class of cases to which a particular case belongs. A constitution or a legislative enactment confers subject matter jurisdiction on the courts. Although a court may have subject matter jurisdiction, it may lack the authority to hear a particular case for one reason or another.

*Id.* (quoting *In re Estate of Falck*, 672 N.W.2d 785, 789–90 (Iowa 2003)). "A court lacks authority to hear a particular case where a party fails to follow the statutory procedures for invoking the court's authority." *Schrier v. State*, 573 N.W.2d 242, 244–45 (Iowa 1997). However, "where subject matter jurisdiction exists, an

impediment to a court's *authority* can be obviated by consent, waiver or estoppel." *State v. Mandicino*, 509 N.W.2d 481, 483 (Iowa 1993).

The district court here clearly had subject matter jurisdiction over this case as Iowa Code chapter 822 confers subject matter jurisdiction on the district courts and governs a court's authority in PCR proceedings. *See Schrier*, 573 N.W.2d at 244. Though the State raised a "jurisdiction" issue in its motion for summary dismissal, the district court's ruling is based solely on the finding that Dowell's claim was previously considered and decided by this court in Dowell's direct appeal and thus Dowell was barred from relitigating the matter. The ruling does not mention the jurisdiction argument raised by the State, let alone rule on the matter.

In this appeal, Dowell argues that because the State did not obtain a district court ruling on its jurisdiction or authority claim, it waived any argument relating to authority of the court to consider its challenge to the applicability of chapter 822 to Dowell's claims. However, we may consider alternative grounds for affirming the district court if the ground was presented to the district court, even though the court did not include the ground in its ruling. *DeVoss v. State*, 648 N.W.2d 56, 61–62 (Iowa 2002).

Although the State did not use the word "authority" in its summary-dismissal motion before the district court, the State was clearly challenging whether the district court could grant relief to Dowell under chapter 822. The State has advanced the same arguments on appeal. Under these circumstances, we will not find the State consented to proceeding under chapter 822, waived its challenge to the court's authority to grant relief under chapter 822, or that it should be estopped from making such a claim. *Cf. Mandicino*, 509 N.W.2d at 483. Consequently, we

choose to address the question of whether Dowell's claims are properly brought under chapter 822. *See generally Cuevas v. State*, 415 N.W.2d 630, 632 (Iowa 1987).

> If a defendant is convicted of, receives a deferred judgment for, or pleads guilty to a public offense . . . . [t]he court may enter a no-contact order or continue the no-contact order already in effect for a period of five years from the date the judgment is entered or the deferred judgment is granted, regardless of whether the defendant is placed on probation.

Iowa Code § 664A.5 (2013). If a no-contact order is issued or continued as part of the sentencing proceedings for a defendant, the defendant is entitled to challenge the legality of the no-contact order as part of a challenge to the legality of the sentence. *See State v. Alspach*, 554 N.W.2d 882, 883–84 (Iowa 1996); *see also State v. Hall*, 740 N.W.2d 200, 202 (Iowa Ct. App. 2007). "The United States Supreme Court has . . . held that sentencing procedures are a critical stage of the criminal proceeding and that an indigent defendant has the right to court-appointed counsel." *Alspach*, 554 N.W.2d at 883. There is no question in Iowa that a criminal defendant appealing the provisions of a no-contact order entered during a sentencing proceeding is entitled to court-appointed counsel because a sentencing proceeding is a critical stage of the criminal proceeding. *See, e.g.*, *State v. Hardin*, No. 17-0595, 2017 WL 4050884, at *1 (Iowa Ct. App. Sept. 13, 2017) ("Sentencing is a critical stage of the criminal process at which the defendant has the right to counsel . . . ."); *State v. Harris*, No. 16-1139, 2017 WL 1735753, at *2 (Iowa Ct. App. May 3, 2017) ("The right to counsel applies at critical stages of the criminal process, including sentencing.").

This question remains: Is a hearing to extend a previously entered five-year no-contact order (which was originally entered as part of a sentencing proceeding) a critical stage of the criminal proceeding?  Section 664A.8 expressly allows either the State or the victim of a public offense to file an application seeking to modify or extend the no-contact order.  In other words, State action is not required.  It is also significant that violations of a no-contact order issued under chapter 664A are not remedied through any criminal sanctions which flow directly from the original criminal proceeding's sentencing order, but instead are limited to separate summary contempt proceedings or separate convictions for violating a no-contact order.  *See* Iowa Code § 664A.7.

We find persuasive the cases that have long held that although a defendant is entitled to court-appointed counsel at a restitution hearing that is part of an original sentencing proceeding, there is no right to appointed counsel at a later action initiated to modify the restitution plan of payment.  *E.g.*, *Alspach*, 554 N.W.2d at 884.  Such an action is civil in nature and not part of the criminal proceedings.  *Id.*  For our purposes here, upon conviction, the entry of a no-contact order—like in the case of restitution—is a part of sentencing and thus a critical stage of the criminal proceedings for which a defendant is entitled to court-appointed counsel.

In a certiorari proceeding involving a five-year extension of a no-contact order issued by a magistrate pursuant to Iowa Code section 664A.8, our supreme court explained: "The extension of the no-contact order was a collateral matter to [defendant]'s underlying criminal proceeding that stood separately from his conviction and sentence."  *Vance v. Iowa Dist. Ct.*, 907 N.W.2d 473, 480 (Iowa

2018). We also note the court addressed the proof necessary to extend a no-contact order under section 664A.8: "[I]f the defendant proves by a preponderance of the evidence that he or she no longer poses a threat to the protected persons, the court should not extend the no-contact order for an additional five years." *Id.* at 482. Although the *Vance* case does not involve a right-to-counsel issue or a PCR proceeding, the supreme court's opinion leaves no room for treating a section 664A.8 extension of a no-contact order as a critical stage of the earlier criminal proceeding. Thus, we conclude that a hearing on a motion to modify or extend a no-contact order under section 664A.8—like a motion to modify a restitution plan of payment—is civil in nature and therefore unaccompanied by a right to appointed counsel. Accordingly, Dowell was not entitled to court-appointed counsel at the hearing on the extension of the no-contact order because the hearing was civil in nature and was not a sentencing proceeding.

Iowa Code section 822.2(1) (2016) provides the situations in which Iowa's PCR procedure may provide relief. The relief in each instance is from a conviction or sentence for a public offense. Iowa Code § 822.2(1). None of Dowell's claims in the district court or on appeal challenge the underlying conviction. We have already concluded the hearing about which Dowell complains was not a sentencing hearing because "[t]he extension of the no-contact order was a collateral matter to [Dowell's]'s underlying criminal proceeding that stood separately from his conviction and sentence." *See Vance*, 907 N.W.2d at 480. Viewed in the light most favorable to Dowell, he was not entitled to court-appointed counsel at the

hearing on the no-contact-order extension,[3] and his PCR claims do not seek relief from either a conviction or a sentence. As such, no relief is available under Iowa Code chapter 822.

Although we have decided this case on different grounds than those upon which the district court relied, we affirm the summary dismissal of Dowell's PCR application.

**AFFIRMED.**

---

[3] *See State v. Dudley*, 766 N.W.2d 606, 617 (Iowa 2009) ("Without a right to counsel, [a defendant] also has no commensurate right to effective assistance from that counsel." (alteration in original) (citation omitted)).