# IN THE COURT OF APPEALS OF IOWA

No. 17-1501
Filed July 18, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SEAN NEAL DELACY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Henry County, Mark E. Kruse (guilty plea) and John G. Linn (sentencing), Judges.


        Defendant appeals the district court's order requiring him to pay restitution following his convictions for sexual exploitation of a minor and lascivious acts with a child.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Sean Delacy appeals the district court's order requiring him to pay restitution following his convictions for sexual exploitation of a minor and lascivious acts with a child. We deny Delacy's claim the restitution order and plan is improper. We affirm the restitution order and restitution plan.

## I.       Background Facts & Proceedings

Delacy pleaded guilty to sexual exploitation of a minor, in violation of Iowa Code section 728.12(1) (2015), and lascivious acts with a child, in violation of section 709.8(1)(a), both class "C" felonies. On April 25, 2016, he was sentenced to a term of imprisonment not to exceed ten years on each count, to be served consecutively. The court stated on the record, "The defendant shall pay court costs, victim restitution, if there is any, and the cost of court-appointed counsel. Based on the defendant's financial situation, $100 is the amount that I conclude the defendant is reasonably able to pay."

Delacy filed his first notice of appeal on May 10, claiming he received ineffective assistance because defense counsel did not inform him he could be assessed surcharges. We affirmed his convictions and preserved his claims of ineffective assistance of counsel for postconviction relief. *See State v. Delacy*, No. 16-0827, 2017 WL 1735684, at *5 (Iowa Ct. App. May 3, 2017).

The State filed a statement of pecuniary loss on October 14, 2015, showing restitution totaling $2347.92 to the Iowa Crime Victim Compensation Program. Prior to Delacy's appeal, on May 10, the State filed an application for restitution, asking the court to amend the judgment entry to require Delacy to pay restitution in this amount. The court entered an order on May 11, the day after Delacy

appealed, ordering Delacy to pay restitution of $2347.92. A restitution plan was filed on August 17, 2017, showing Delacy owed costs of $694.49, fines of $2000.00, surcharges of $700.00, and restitution of $2347.92. Delacy appeals the court's August 17 order.[1]

## II.     Discussion

Delacy claims a procedural due process violation because restitution was ordered against him on May 11, 2016, without notice and an opportunity to be heard. Our review of a restitution order is for the correction of errors at law. *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018). On constitutional issues our review is de novo. *State v. Plain*, 898 N.W.2d 801, 810 (Iowa 2017).

"[A] defendant challenging a restitution order entered as part of the original sentence has two options: to file a petition in district court under section 910.7, or to file a direct appeal." *State v. Blank*, 570 N.W.2d 924, 926 (Iowa 1997) (citing *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1987)). If the time for a direct appeal has expired at the time a restitution order is entered, the defendant may file a petition under section 910.7 within thirty days for the action to be considered an extension of the criminal proceedings. *Id.* Barring a timely direct appeal or petition under section 910.7, a defendant may still file an action under section 910.7, "[b]ut the action would be civil, not criminal, in nature." *Id.* (citing *State v. Alspach*, 554 N.W.2d 882, 884 (Iowa 1996)).

---

[1] Delacy filed the notice of appeal on September 22, 2017, and filed a motion for delayed appeal with the Iowa Supreme Court. The supreme court ruled, "Upon consideration, this court determines the appellant exhibited a timely intent to appeal from the district court's August 17, 2017 order. The appellant's motion for delayed appeal is granted." (Citation omitted).

The time for a direct appeal expired on May 25, 2016, thirty days after the judgment entry was filed on April 25. *See State v. Hallock*, 765 N.W.2d 598, 602 (Iowa Ct. App. 2009) (noting under Iowa Rule of Appellate Procedure 6.101, appeals in criminal actions must be taken within thirty days of the final judgment). Delacy filed a timely direct appeal but did not raise this issue, which arose the day after he filed his notice of appeal. He did not file a second notice of appeal within the thirty-day period after the judgment entry.

Additionally, Delacy could have filed a petition under section 910.7(1) challenging the restitution order within thirty days after the order was filed on May 11, 2016. *See State v. Jose*, 636 N.W.2d 38, 47 (Iowa 2001) ("To be considered an extension of the criminal proceedings, however, the defendant's petition under section 910.7 must be filed within thirty days from the entry of the challenged order."). If he filed a petition under section 910.7(1) at a later time, it would be civil in nature. *See Alspach*, 554 N.W.2d at 884 ("When, pursuant to Iowa Code section 910.7, a later action is initiated to modify the plan or extend its completion date, the suit is civil in nature and not part of the criminal proceedings.").

The record shows Delacy did not file a petition under section 910.7(1)—within thirty days or at all. Delacy took no action to challenge the restitution order until he filed his notice of appeal on September 22, 2017. He could have challenged the restitution plan or restitution plan of payment at any time under the provisions in section 910.7. In his appellate brief, Delacy acknowledges he did not follow the proper procedure to challenge the restitution order under section 910.7.

Delacy asks to have his case remanded to the district court for a restitution hearing with court-appointed counsel. He did not make a timely request for a restitution hearing under section 910.7 in order for such a proceeding to be considered a continuation of his criminal proceedings, where he would have the right to court-appointed counsel. *See id.* (noting a defendant has the right to counsel in a proceeding filed within thirty days under section 910.7, but not ordinarily in a later, civil action under section 910.7).

Delacy can still file a petition for a restitution hearing under section 910.7, although at this point the action would be civil, rather than criminal in nature. *See Blank*, 570 N.W.2d at 926. He would be granted a hearing if the district court determines from "the face of the petition it appears that a hearing is warranted." Iowa Code § 910.7(1).

We find Delacy's claim he was denied procedural due process is disingenuous because he did not avail himself of the statutory procedure in section 910.7 to challenge the restitution order. We deny Delacy's claim the restitution order is improper. We affirm the restitution order and restitution plan.

**AFFIRMED.**