# IN THE COURT OF APPEALS OF IOWA

No. 20-0392
Filed March 2, 2022

**KEITH TERRELL BASS,**
 Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR SCOTT COUNTY,**
 Defendant-Appellee.
_____

Certiorari to the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


In a certiorari action, Keith Bass challenges the district court's summary

denial of his request for a restitution hearing. **WRIT SUSTAINED AND**

**REMANDED.**


Keith Bass, Newton, self-represented appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


Considered by May, P.J., Potterfield, S.J.,* and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**POTTERFIELD, Senior Judge.**

In a certiorari action, Keith Bass challenges the district court's summary denial of his request for a restitution hearing in two separate cases.[1]

In FECR361040, a jury convicted Bass of sexual abuse in the third degree and, in September 2014, he was sentenced to a prison term not to exceed ten years. As part of his sentence, Bass was "ordered to pay all applicable court costs, surcharges, and fees as assessed by the Clerk of Court." The court found Bass unable to pay restitution for attorney fees. In April 2016, the Iowa Department of Corrections (DOC) filed a restitution plan, stating Bass owed $2088.70 for costs, $1000 in a fine, and a surcharge of $350 for a total of $3438.70.

In FECR362818, Bass pled guilty to three counts of delivery of a controlled substance (heroin) and one count of delivery of a controlled substance (crack cocaine). In December 2014, Bass was sentenced to concurrent, ten-year prison sentences for each count; all fines were suspended. Bass was ordered to pay restitution to the Quad City Metropolitan Enforcement Group of $1665. The court concluded he was unable to pay the fees for his court-appointed attorney, but he was ordered to pay "all court costs, surcharges, and assessments as made by the Clerk." In March 2016, the DOC filed a restitution plan stating Bass owed $297.70 in costs, $1665 in restitution, and a surcharge of $540 for a total of $2505.70.

In January 2020, Bass filed a motion in each underlying case requesting a hearing on his reasonable ability to pay and asked that the court appoint counsel

---

[1] Bass filed a request for a restitution hearing in both FECR362818 and FECR361040. The district court denied his request in each case; Bass filed a joint petition for certiorari, which our supreme court granted before transferring the case to us.

to represent him in the matter. The district court summarily denied Bass's request in both cases. Bass responded with another request for a restitution hearing, which the court again denied. Bass then petitioned for writ of certiorari.

Here, the State concedes that Bass is entitled to a restitution hearing on his reasonable ability to pay court courts. Court costs fall within the category of restitution that the court can only order the offender to pay to the extent the offender is reasonably able to pay. *See* Iowa Code §§ 910.1, 910.2(1) (2020).[2] But the court assessed restitution without knowing the full amounts, so no reasonable-ability-to-pay determination was properly made. *See State v. Hawk*, 952 N.W.2d 314, 317 (Iowa 2020) ("[C]ourts must wait to enter a final order of restitution until all items of restitution are before the court. Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay." (quoting *State v. Albright*, 925 N.W.2d 144, 162 (Iowa 2019)). And Bass requested a hearing on the issue pursuant to section 910.7. *See* Iowa Code § 910.7(1) ("At any time during the period of . . . incarceration, the offender . . . may petition the court on any matter related to the plan of restitution or restitution plan of payment and the court shall grant a hearing if on the face of the petition it appears that a hearing is warranted.").

We sustain Bass's writ of certiorari; on remand, the district court should consider his reasonable ability to pay the court costs in FECR361040 and FECR362818. Bass is not entitled to appointed counsel for the restitution hearing.

---

[2] Like the State, we recognize the statutory changes to chapter 910 that occurred shortly after the district court denied Bass's requests. *See* 2020 Iowa Acts ch. 1074, §§ 65–83. The changes went into effect on June 25, 2020. The State maintains the statutory changes "[do] not impact this case."

*See State v. Alspach*, 554 N.W.2d 882, 884 (Iowa 1996) (providing an offender "ordinarily [has] no right to appointed counsel" when challenging restitution pursuant to Iowa Code section 9107 because the action "is civil in nature and not part of the criminal proceedings.").

**WRIT SUSTAINED AND REMANDED.**